**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FRACTUS, S.A. <br><br> Plaintiff, <br><br> v. | § <br> § <br> § <br> § <br> § | |
| AT&T MOBILITY LLC | § <br> § <br> § | Case No. 2:18-cv-00135-JRG <br> LEAD CASE |
| SPRINT COMMUNICATIONS COMPANY, L.P. ET AL | § <br> § <br> § <br> § | Case No. 2:18-cv-00136-JRG |
| T-MOBILE US, INC. ET AL | § <br> § <br> § | Case No. 2:18-cv-00137-JRG |
| VERIZON COMMUNICATIONS INC. ET AL <br><br> Defendants. | § <br> § <br> § <br> § | Case No. 2:18-cv-00138-JRG |

**COMMSCOPE'S UNOPPOSED MOTION AND**
**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

# **TABLE OF CONTENTS**

Introduction ..................................................................................................................... 1

Factual Background .......................................................................................................... 3

    I.      The Nature and State of Proceedings. .................................................... 3

    II.     The Products Accused of Infringement Are produced by Separate, Competing Companies. ............................................................................................. 4

    III.    Fractus Asserts Infringement of Accused Products That Are Designed, Marketed, Sold and Distributed by CommScope. ..................................................... 4

    IV.    The Carriers Demanded Indemnity from CommScope. ......................... 5

    V.     CommScope Sells (and Has Sold) the Accused CommScope Antennas to Other Indemnified Customers. ........................................................................... 5

    VI.    Fractus' Position. .................................................................................... 5

Argument ......................................................................................................................... 5

    I.      CommScope Is Entitled to Intervene as of Right Pursuant to Rule 24(a)(2). ......... 5

          A.    CommScope's Motion to Intervene Is Timely. ......................... 6

          B.     CommScope Has a Significant Interest in This Lawsuit. ......................... 8

          C.    CommScope's Ability to Protect Its Interests Will Be Impaired if It Cannot Intervene. ............................................................................ 10

          D.    The Carriers Cannot Adequately Represent CommScope's Interest. ....... 11

    II.     In the Alternative, CommScope Should Be Permitted to Intervene Permissively. ...................................................................................... 12

Conclusion ..................................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291 (5th Cir. 2012) ........................................ 6

*Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996)............................................................ 6, 7

*Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681 (Fed. Cl. 2006)............................. 10

*Heaton v. Monogram Credit Card Bank*, 297 F.3d 416 (5th Cir. 2002) ..................................... 12

*IBM Corp. v. Conner Peripherals, Inc.*, No. 3:95-cv-02604-VRW, 1994 U.S. Dist. LEXIS 22057 (N.D. Cal. Dec. 12, 1994)............................................................................................... 10

*In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) ....................................................... 8

*Indus. Tech. Research Inst. v. LG Elecs., Inc.*, Case No. 3:13-cv2016-GPC-WVG, 2014 U.S. Dist. LEXIS 148865 (S.D. Cal. Oct. 15, 2014)............................................................................ 9

*Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS *et al.*, 2014 U.S. Dist. LEXIS 125280 (D. Del. Sept. 8, 2014)................................................................................. 8, 11

*Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936 (Fed. Cir. 2006) .................... 10

*Pam Intl., Inc. v. Kam Coach, LLC*, Case No. 4:07cv426, Report and Recommendation of U.S. Mag. J. (E.D. Tex. May 9, 2008) (ECF No. 15) ........................................................................ 10

*Reid v. General Motors Corp.*, 240 F.R.D. 257 (E.D. Tex. 2006)............................................... 13

*Sec. and Exch. Comm'n v. U .S. Realty & Imp. Co.*, 310 U.S. 434 (1940)................................... 13

*Secure Axcess, LLC v. Nintendo of Am. Inc.*, Case No. 2:13-cv-32-JRG, 2014 U.S. Dist. LEXIS 30115 (E.D. Tex. Mar. 7, 2014) ................................................................................................... 8

*Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 U.S. Dist. LEXIS 174442 (N.D. Ill. Dec. 13, 2013) .......................................................................................................................... 9

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ...................................................................... 6

*Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321 (Fed. Cir. 2010) ............................................. 5

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, Civ. Action No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769 (E.D. Tex. Dec. 7, 2017) .................................................................. 7, 8, 12

*Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).................................................... 5, 6, 8, 11

ii

*TiVo, Inc.*, 2010 U.S. Dist. LEXIS 146363 .................................................................................. 13

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civil No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS
    150649 (E.D. Tex. May 10, 2010) ............................................................................ 9, 10, 13

**Rules**

Federal Rule of Civil Procedure 24 ....................................................................................... passim

**Introduction**

Pursuant to Federal Rule of Civil Procedure 24, CommScope Technologies LLC ("CommScope") moves for leave to intervene in the above-entitled action as of right pursuant to Rule 24(a)(2), or alternatively, with permission of the Court pursuant to Rule 24(b)(1)(B).  As the manufacturer, marketer, seller, distributor, indemnitor, and primary supplier of the numerous accused infringing CommScope antennas at issue in this case (the "Accused CommScope Antennas") (*see generally* Exhibits 1-3 to the Declaration of Martin Zimmerman filed concurrently herewith ("Zimmerman Decl.")), CommScope is a "true defendant" to this action, with a clear interest in this litigation and the right to be a party defendant.  The relief requested by Fractus, S.A. ("Fractus") flows from that recognition.

Plaintiff Fractus brought suit against, *inter alia*, cellular carriers AT&T Mobility, Inc. ("AT&T"), Verizon Communications Inc. ("Verizon"), T-Mobile US, Inc. ("T-Mobile") and Sprint Communications Company, LP ("Sprint") (collectively, "Carriers"), asserting infringement of ten patents assigned to Fractus:  U.S. Patent No. 6,937,191 (the "'191 Patent"); U.S. Patent No. 7,250,918 (the "'918 Patent"); U.S. Patent No. 7,557,768 (the "'768 Patent");    U.S. Patent No. 7,932,870 (the "'870 Patent");   U.S. Patent No. 8,228,256 (the "'256 Patent"); U.S. Patent No. 8,896,493 (the "'493 Patent"); U.S. Patent No. 9,905,940 (the "'940 Patent"); U.S. Patent No. 8,497,814 (the "'814 Patent"); U.S. Patent No. 8,754,824 (the "'824 Patent"); U.S. Patent No. 9,450,305 (the "'305 Patent") (collectively, the "Asserted Patents").    (Dkt. 1,[1] Counts 1–10.) The patents concern multiband base station antennas, with seven of them entitled "Interlaced Multiband Antenna Arrays," and the other three entitled "Slim Triple Band Antenna Array for Cellular Base Stations."  (Dkt. 1, Exs. A-J.)

In Fractus' Complaints against each of the Carriers, Fractus identifies certain Amphenol

---

[1] All docket citations are to filings in the lead case, Case No. 2:18-cv-00135-JRG.

and Kathrein base station antennas as exemplary antennas that infringe the Asserted Patents. (*See, e.g.*, Dkt. 1 ¶¶ 27-35.)  The Complaints also contend that the Carriers "source the highest-performance antennas from manufacturers like Amphenol, Kathrein, Commscope, and RFS that are capable of multiband communications."  (*E.g.*, Dkt. 1 ¶ 26.)  However, the Complaints do not identify any alleged infringing antennas from any suppliers, other than a single antenna from each of Amphenol and Kathrein.

Even though none of the Complaints identifies any infringing CommScope antennas, Fractus' recent June 18, 2018 infringement contentions (*see* Dkt. 55) identify more than 100 different Accused CommScope Antennas as allegedly infringing more than 110 claims of the various Asserted Patents.  (*See* Zimmerman Decl. ¶ 5, Exs. 1-3.)  And even though the Asserted Patents concern "Multiband" (or "Triple Band") antennas, the Accused CommScope Antennas include single band antennas.  And even though the Asserted Patents are U.S. Patents, the Accused CommScope Antennas include antennas that are not sold in the United States.  (*Id.* ¶ 5.) CommScope is uncertain how Fractus generated its 100+ item list of Accused CommScope Antennas, but Fractus certainly did not limit its list to multiband antennas sold in the United States to the Carriers.

CommScope is the "true defendant" in this case with respect to each of the 100+ Accused CommScope Antennas.  CommScope is the manufacturer, marketer, seller and primary distributor of such products.  CommScope supplied the Carriers with at least some of the Accused CommScope Antennas.[2]  In connection with the parties' supply agreements, the Carriers tendered a demand that CommScope indemnify them for any of the Accused CommScope Antennas they purchased from CommScope.  As the supplier of at least some of the

---

[2] CommScope did not supply each Accused CommScope Antenna to each Carrier.  However, CommScope has supplied some of the Accused CommScope Antennas to each Carrier.

Accused CommScope Antennas to each of the Carriers, with indemnification obligations to each of them, CommScope has a substantial interest in defending the Accused CommScope Antennas against allegations of infringement.  Indeed, CommScope's sales to and relationship with the Carriers and other existing or potential customers not named in any complaints, could be greatly impacted by the outcome of this litigation concerning all of the Accused CommScope Antennas. CommScope points out, for example, that Fractus seeks an injunction in addition to monetary damages.  (Dkt. 1, at 30.)   Moreover, CommScope's indemnification of the Carriers gives CommScope a substantial financial stake in the defense of this case.  CommScope is the true defendant in this matter as to the Accused CommScope Antennas, and CommScope is entitled to intervene as a matter of right pursuant to Rule 24(a)(2).[3]

### Factual Background

## I.      The Nature and State of Proceedings.

Fractus filed four separate complaints against the Carriers on April 9, 2018, and the cases are still in the early stages.  The Court has consolidated the separate cases for all pretrial issues (except venue), designating the AT&T case as the lead case.  (Dkt. 19.)  The Carriers filed answers to the various Complaints on June 15, 2018 (*see* Dkt. 30, 32, 42, 44), and the Court held a Scheduling Conference on July 2, 2018.

Fractus served its infringement contentions, pursuant to L.R. 3-1, on June 18, 2018. (Dkt. 55.)  Fractus served subpoenas on CommScope earlier this month, seeking CommScope's information concerning the Accused CommScope Antennas.  (*See* Zimmerman Decl. ¶ 13, Ex. 4.)   Trial and claim construction proceedings are still very far away.   And CommScope's proposed answer, counterclaims and defenses (*see* Exs. 1-4 to the Declaration of Bradley W.

---

[3] Alternatively, CommScope requests that the Court allow it to intervene permissively pursuant to Rule 24(b)(1)(B).

Micsky filed concurrently herewith) mirror the issues raised in the Carriers' responsive pleadings, minimizing any delay or prejudice that could result from CommScope's intervention and from adding CommScope's answer, counterclaims and defenses now.

## II.    The Products Accused of Infringement Are produced by Separate, Competing Companies.

The Complaints against the Carriers assert that the Carriers utilize "Infringing Antennas" that are sourced by "manufacturers like Amphenol, Kathrein, Commscope, and RFS." (*E.g.*, Dkt. 1 ¶¶ 26-27.) The Complaints then identify a single representative antenna from each of Amphenol and Kathrein. (*E.g.*, Dkt. 1 ¶¶ 28-35.) Fractus' June 18, 2018 infringement contentions further identify more than 100 CommScope antennas, as well as numerous other antennas supplied by CommScope's competitors including Amphenol, Kathrein, and RFS. (Zimmerman Decl. Exs. 1–3.)

## III.    Fractus Asserts Infringement of Accused Products That Are Designed, Marketed, Sold and Distributed by CommScope.

The Accused CommScope Antennas are manufactured and distributed by CommScope. (*Id.* ¶ 10.) CommScope is incorporated in Delaware and maintains its headquarters and principal place of business in North Carolina. (*Id.* ¶ 2.) As pertinent to this motion, the Carriers are charged with infringement due to their use of Accused CommScope Antennas. CommScope has supplier agreements and sales contracts with the Carriers in connection with Accused CommScope Antennas sold to the Carriers.[4] (*Id.* ¶ 7.) Fractus has served subpoenas seeking information from CommScope about its Accused CommScope Antennas. (*Id.* ¶ 13, Ex. 4.)

---

[4] As indicated above, CommScope has not sold each of the Accused CommScope Antennas to each of the Carriers. For example, CommScope has not sold each of the 100+ Accused CommScope Antennas to AT&T. Nor has CommScope sold each of the 100+ Accused CommScope Antennas in the United States. But CommScope has sold some of the Accused CommScope Antennas to each of the various Carriers.

## IV.    The Carriers Demanded Indemnity from CommScope.

In connection with the supplier agreements and sales contracts, CommScope provides indemnity to the Carriers against various claims such as patent infringement.  After the Lawsuits were filed, the Carriers requested indemnification from CommScope for the claims asserted by Fractus against the Accused CommScope Antennas, and CommScope agreed to indemnify the Carriers against the patent infringement claims asserted by Fractus in these Lawsuits to the extent that the claims are raised against the Accused CommScope Antennas.  (*Id.* ¶ 7.)

## V.    CommScope Sells (and Has Sold) the Accused CommScope Antennas to Other Indemnified Customers.

CommScope has sold (and sells) various of the Accused CommScope Antennas to the Carriers and others in the United States.  CommScope has agreed to indemnify the Carriers against Fractus' claims of infringement against the Accused CommScope Antennas.  (*Id.* ¶ 7.) CommScope intends to file motions to intervene in each of the lawsuits that Fractus has filed against the Carriers.

## VI.    Fractus' Position.

Fractus does not oppose this motion.  Further, each of the Carriers has been contacted by CommScope regarding this Motion, and they do not oppose.

## <u>Argument</u>

## I.    CommScope Is Entitled to Intervene as of Right Pursuant to Rule 24(a)(2).

Federal Rule of Civil Procedure 24(a) governs intervention as of right.    *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).  Because the issue of intervention is not unique to patent law, regional circuit law controls. *See Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (denial of intervention reviewed under regional circuit's law).   Rule 24 is to be "liberally construed," and under Fifth Circuit law, courts "should allow intervention where

5

no one would be hurt and the greater justice could be attained."   *Texas*, 805 F.3d at 656–57

(quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Under Rule 24(a)(2), a movant must be permitted to intervene when the four  requirements

of Fed. R. Civ. P. 24(a)(2) are met:

> (1) the application for intervention must be timely; (2) the applicant must
> have an  interest relating to the property or transaction which is the subject
> of the action; (3) the applicant must be so situated that the disposition of
> the action may, as a  practical matter, impair or impede his ability to protect
> that interest; (4) the  applicant's interest must be inadequately represented
> by the existing parties to the suit.

*Texas*, 805 F.3d at 657 (internal quotation omitted).   Intervention as of right "must be measured

by a practical rather than technical yardstick."  *City of Houston v. Am. Traffic Sols., Inc.*, 668

F.3d 291, 293 (5th Cir. 2012) (quotation omitted).    Here, CommScope meets all four

requirements.

### A.    CommScope's Motion to Intervene Is Timely.

Timeliness is determined from all of the circumstances in a case, including the time lapse

between notice of the intervenor's interest in the case to the filing of the motion to intervene, the

extent of prejudice to existing parties as a result of the motion, the extent of prejudice to the

moving party if leave to intervene is denied, and the existence of unusual circumstances militating

either for or against a determination that the motion is timely.  *Edwards v. City of Houston*, 78

F.3d 983, 1000 (5th Cir. 1996) (citation omitted).   The timeliness analysis is contextual, not

absolute, and "[t]he requirement of timeliness is not a tool of retribution to  punish the tardy

would-be intervenor, but rather a guard against prejudicing the original parties by the failure to

apply sooner."   *Sierra Club*, 18 F.3d at 1205.

Here, CommScope has moved to intervene in the very early stages of this case, and Fractus

has no  reasonable basis to claim prejudice from the timing of this motion to intervene.  Fractus

filed its Complaints against the Carriers less than five months ago, on April 9, 2018.  (*E.g.*, Dkt. 1.)  None of the Complaints identified any CommScope products as infringing products, and instead simply alleged that CommScope was one of several antenna suppliers to the Carriers.  (*E.g.*, Dkt. 1 ¶¶ 26-35.)  The Carriers answered Plaintiff's Complaint on June 15, 2018.

On June 18, 2018, less than three months ago, Fractus served its infringement contentions, which for the first time identified CommScope antennas as allegedly infringing the ten asserted Fractus patents.  (Dkt. 55; Zimmerman Decl. Exs. 1–3.)  In fact, Fractus' infringement contentions identify more than 100 CommScope antennas that supposedly infringe in excess of 110 patent claims.  (Zimmerman Decl. ¶ 5.)  The allegedly infringed antennas include single band antennas and antennas that are not even sold in the United States.  (*Id.*)  Then, on July 5, 2018, Fractus served subpoenas on CommScope.  (*Id.* ¶ 13, Ex. 4.)

On July 23, 2018, the parties filed their Docket Control Order setting claim construction and trial for March 29, 2019 and September 9, 2019, respectively.  (Dkt. 66, Attachment 1.)  Accordingly, at this early stage of the proceedings, CommScope's motion to intervene is timely.  *See, e.g.*, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, Civ. Action No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *9 (E.D. Tex. Dec. 7, 2017) (no delay where more than four months elapsed between filing of complaint and motion to intervene); *TiVo Inc. v. AT&T, Inc.*, C.A. No. 2:09-CV-259, 2010 U.S. Dist. LEXIS 146363, at *18 (E.D. Tex. Mar. 31, 2010) (no delay where nearly five months elapsed between filing of complaint and motion to intervene); *see also Edwards*, 78 F.3d at 1001 (noting that "most of our case law rejecting petitions for intervention as untimely concern  motions filed after judgment was entered in the litigation").  Moreover, there is no prejudice to the Carriers by the timing of CommScope's motion to intervene, and indeed the Carriers support  the motion.  Given that Fractus first identified alleged

infringing CommScope antennas just last month and trial is not until September of 2019, there is also no basis for Fractus to claim any prejudice from the timing of this motion.

### B.     CommScope Has a Significant Interest in This Lawsuit.

The Fifth Circuit has interpreted Rule 24(a)(2) to require a "direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (quotations omitted).  This "inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way."  *Id.*

Here, CommScope has a direct, substantial, and legally protectable interest in this litigation because CommScope is the "true defendant" to Plaintiff's claims against the Accused CommScope Antennas.  *See Secure Axcess, LLC v. Nintendo of Am. Inc.*, Case No. 2:13-cv-32-JRG, 2014 U.S. Dist. LEXIS 30115, at *23 (E.D. Tex. Mar. 7, 2014) (finding party responsible for the marketing, sale, and distribution of accused products to retailers to be  "true defendant"), vacated sub nom. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) ("[W]e agree with the district court that . . . Nintendo is the true defendant.").   CommScope markets, sells and distributes various of the Accused CommScope Products to the Carriers.  As to the Accused CommScope Antennas, it is CommScope's products, not the Carriers', that are the focus of the case.  CommScope's direct interest in the ongoing sale and distribution of these products is put at risk by Fractus' allegations of infringement.   *See, e.g., Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, at *13 ("Further, and as the proposed intervenors argue, the ongoing sale and distribution of their products is put at risk by TWW's allegations of infringement."); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS *et al.*, 2014 U.S. Dist. LEXIS 125280, at *13 (D. Del. Sept. 8, 2014) ("[In a patent infringement action,] intervention is necessary to  enable Intervenors to protect their interest in products which Intervenors manufacture for  Defendants, an

interest put at risk by the litigation as Plaintiffs accuse these products of infringement.").

Moreover, CommScope's greater interest stems from the fact that it sells various of the Accused CommScope Antennas to other customers in the United States, and thus has a greater interest in directly defending the potential claims against those products.  Such an interest arises from the possibility that future lawsuits against its other customers could lead to inconsistent judgments. *See Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 U.S. Dist. LEXIS 174442, at *8 (N.D. Ill. Dec. 13, 2013) (finding intervention of right supported by fact that intervenor's "other customers" were not accused of infringement, and  "[intervenor] (through its customers) would be subject to potentially inconsistent judgments regarding whether its technology infringes the patent," and intervenor's "ability to defend its technology could be compromised").  Additionally, CommScope's interest arises from the potential harm to its other customer relationships should the Carriers be found to infringe.  *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civil No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *13 (E.D. Tex. May 10, 2010) ("Courts have held that beyond the injury that might arise from having to indemnify customers, a manufacturer such as [the Intervenor] faces the loss of its customer base and reputation as a result of patent infringement allegations."); *see also Indus. Tech. Research Inst. v. LG Elecs., Inc*., Case No. 3:13-cv2016-GPC-WVG, 2014 U.S. Dist. LEXIS 148865, at *11 (S.D. Cal. Oct. 15, 2014) (finding (while undisputed) a protectable interest where "[intervenor] may be unable to sell [the accused product] to U.S. customers if Plaintiff were to succeed in this litigation," which may "adversely impair [intervenor's] significantly protectable interest").

Accordingly, CommScope is entitled to vigorously defend such issues as claim construction of the Asserted Patents, validity of the Asserted Patents, and alleged infringement of

such patents by the Accused CommScope Antennas.

Finally, as a party indemnifying the Carriers for the Accused CommScope Antennas (Zimmerman Decl. ¶ 7), CommScope also has a significant interest in defending against any potential damages in this suit.   *See, e.g.*, *Pam Intl., Inc. v. Kam Coach, LLC*, Case No. 4:07cv426, Report and Recommendation of U.S. Mag. J., at 2 (E.D. Tex. May 9, 2008) (ECF No. 15) (granting permissive intervention where indemnification provision with  named defendant "potentially plac[ed Intervenor's] interests directly at issue as a result of  Plaintiff's allegations"); *U.S. Ethernet*, 2010 U.S. Dist. LEXIS 150649, at *12–13 (finding intervention  warranted because indemnification "establishes a legal relationship that traditionally warrants  declaratory jurisdiction in a dispute between the manufacturer and a patentee who has threatened  or brought suit against the manufacturer's customers"); *Microchip Tech. Inc. v. Chamberlain Group, Inc*., 441 F.3d 936, 941–44 (Fed. Cir. 2006); *see also Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 685 (Fed. Cl. 2006) ("An indemnitor may be allowed to intervene in a  lawsuit brought against an indemnitee in order to protect its interest under an indemnity  agreement."); *IBM Corp. v. Conner Peripherals, Inc*., No. 3:95-cv-02604-VRW, 1994 U.S. Dist. LEXIS 22057, at *13 (N.D. Cal. Dec. 12, 1994) (holding claims against indemnitee are in effect claims  against indemnitor).

As the entity ultimately responsible in the event of an adverse money judgment associated with the Accused CommScope Antennas, CommScope has a very strong interest in vigorously defending these claims.   Accordingly, CommScope's  substantial interests in this lawsuit warrant intervention as of right.

### C.    CommScope's Ability to Protect Its Interests Will Be Impaired if It Cannot Intervene.

CommScope's ability to protect and defend its Accused CommScope Antennas will be

compromised if it does not intervene as a defendant in this action. Fractus' allegations against the Carriers focus on the Accused CommScope Antennas. Indeed, the 100+ Accused CommScope Antennas constitute a significant amount of the Accused Infringing Antennas that the Carriers are alleged to use. (*See generally* Zimmerman Decl. Exs. 1–3.) Fractus seeks money damages related to the Accused CommScope Antennas. Because of its indemnification obligation to the Carriers, CommScope will be responsible for any potential money judgment. Fractus also seeks an injunction.

**D.    The Carriers Cannot Adequately Represent CommScope's Interest.**

In the Fifth Circuit, in order to satisfy the "inadequate representation" requirement of Rule 24(a)(2), CommScope must demonstrate that its interests "may be" inadequately represented by the existing parties. *Texas*, 805 F.3d at 661. Although CommScope bears the burden to establish inadequate representation, that burden is "minimal," i.e., just enough to avoid "writ[ing] the requirement completely out of the rule." *Id*. (citation omitted).

Here, the Carriers cannot adequately represent CommScope's interest absent CommScope's intervention because the Carriers are not "well-situated to understand and defend [CommScope's] products." *Intellectual Ventures*, 2014 U.S. Dist. LEXIS 125280, at *14. CommScope, not the Carriers, possesses direct and superior technical knowledge of the Accused CommScope Antennas' design and function and is best suited to ensure that CommScope's interests are adequately represented. (Zimmerman Decl. ¶¶ 10–13.) CommScope employs individuals with specific knowledge of technical details of the Accused CommScope Antennas, the industry standards the Accused CommScope Antennas meet, and the design and manufacturing processes that produced the Accused CommScope Antennas. (*Id.* ¶ 12.) CommScope also possesses documents related to the design, development, manufacture, and

11

distribution of the Accused CommScope Antennas.  (*Id.* ¶ 13.)  CommScope is simply better suited to defend the Accused CommScope Antennas in this lawsuit.

Moreover, although the Carriers will defend against Fractus' allegations, CommScope's interest in protecting its products from a finding of infringement far exceeds the Carriers' interest. For example, the Carriers' defense will be divided among hundreds of products from at least four different suppliers that are accused of infringement; and the suppliers are direct competitors in the antenna market.  (Zimmerman Decl. Exs. 1–3; *id.* ¶ 6.)  In such a scenario, it is quite possible that CommScope's interests on the merits of the claims may diverge from the other suppliers.  *See Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, at *17 ("Each proposed intervenor provides a product to Walmart that *directly* competes with other products . . . including those of the other proposed intervenors").  Moreover, CommScope has sold the Accused CommScope Antennas to each of the Carriers.  (*See* Zimmerman Decl. ¶ 7.)  The Carriers' defense of the infringement claims may be inadequate to protect CommScope's interests to the extent that the Carriers take positions with regard to these other suppliers' antennas that are inconsistent with positions to be taken for CommScope's antennas.  *See Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 425 (5th Cir. 2002) ("That the FDIC's interests and Monogram's may diverge in the future, even though, at this moment, they appear to share common ground, is enough to meet the FDIC's burden on this issue.").

Simply put, CommScope is best suited, and most motivated, to defend its Accused CommScope Antennas from the charges leveled in this lawsuit.  Given that CommScope has established all four requirements of Fed. R. Civ. P. 24(a), CommScope is entitled to intervene as a matter of right.

**II.      In the Alternative, CommScope Should Be Permitted to Intervene Permissively.**

CommScope alternatively requests the Court's permission to intervene under Federal Rule of Civil Procedure 24(b), which permits intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B); *TiVo, Inc.*, 2010 U.S. Dist. LEXIS 146363, at *12.  Permissive intervention "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."  *Sec. and Exch. Comm'n v. U .S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940).

Permissive intervention is appropriate here.  Fractus' infringement allegations are directed specifically to 100+ antennas designed, manufactured and supplied by CommScope. Consequently, the Court hearing this case could potentially determine common issues of preclusion, non-infringement, invalidity, and other determinations that bear directly on CommScope's antennas, as well as the Carriers' defense to this lawsuit.  *See, e.g.*, *U.S. Ethernet*, 2010 U.S. Dist. LEXIS 150649, at *12 (granting permissive intervention where intervenor shared common questions of law and fact and similar defenses as named defendant); *Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting intervention where intervenor and named defendant shared issues of non-infringement, invalidity, and unenforceability).  Finally, as noted above, at this early stage, there is no undue delay or prejudice to either Fractus or the Carriers if CommScope is allowed to intervene.

## Conclusion

For the foregoing reasons, CommScope is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or at least permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Respectfully submitted,

Dated:  August 31, 2018

By /s/ Eric H. Findlay_____
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

OF COUNSEL:

Philip P. Caspers
Timothy A. Lindquist
Dennis C. Bremer
Iain A. McIntyre
Bradley W. Micsky
Caroline L. Marsili
CARLSON, CASPERS, VANDENBURGH
    LINDQUIST & SCHUMAN, P.A**.**
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota 55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
pcaspers@carlsoncaspers.com
tlindquist@carlsoncaspers.com
dbremer@carlsoncaspers.com
bmicsky@carlsoncaspers.com
imcintyre@carlsoncaspers.com
cmarsili@carlsoncaspers.com

*Attorneys for Intervenor CommScope*
*Technologies LLC*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 31, 2018.


_/s/ Eric H. Findlay____
Eric H. Findlay