# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FRACTUS, S.A.,<br><br>        Plaintiff,<br><br>    v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC,<br><br>    Defendant. | Case No. 2:18-cv-00135-JRG<br>LEAD CASE |
| SPRINT COMMUNICATIONS<br>COMPANY, L.P., ET AL.,<br><br>    Defendants. | Case No. 2:18-cv-00136-JRG |
| T-MOBILE US, INC. ET AL.,<br><br>    Defendants. | Case No. 2:18-cv-00137-JRG |
| VERIZON COMMUNICATIONS INC.<br>ET AL.,<br><br>    Defendants. | Case No. 2:18-cv-00138-JRG |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE**
**HAGUE CONVENTION OF 18 MARCH 1970 ON THE**
**TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

| 1. | Sender | Office of the Clerk<br>United States District Court for the Eastern District of<br>Texas, Marshall Division<br>Sam B. Hall Jr. Federal Building and United States<br>Courthouse<br>100 East Houston Street<br>Room 125<br>Marshall, Texas 75670<br>United States of America |
|---|---|---|
| 2. | Central Authority of the<br>Requested State | Subdirección General de Cooperación Jurídica<br>Internacional<br>Ministry of Justice<br>Calle San Bernardo Nº 62<br>28071 Madrid<br>Spain<br>Tel +34 (91) 390 23 86 / 44 11<br>Fax +34 (91) 390 2475 / +34 (91) 390 4457<br>Email: laura.fernandez@mjusticia.es or<br>silvia.villa@mjusticia.es |
| 3. | Persons to whom the executed<br>request is to be returned | Douglas M. Kubehl<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>Telephone: (214) 953-6500<br>Facsimile: (214) 953-6503<br>E-mail:  doug.kubehl@bakerbotts.com |
| | | Benjamin Hershkowitz<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>E-mail: bhershkowitz@gibsondunn.com |
| | | Ross R. Barton<br>ALSTON & BIRD LLP<br>101 South Tryon Street, Suite 4000<br>Charlotte, NC 28280<br>Telephone: (704) 444-1000<br>E-mail: ross.barton@alston.com |
| | | David E. Finkelson |

McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1374
Email: dfinkelson@mcguirewoods.com

Bradley W. Micsky
CARLSON, CASPERS,
VANDENBURGH & LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota 55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
bmicsky@carlsoncaspers.com

| | | |
|---|---|---|
| 4. | Date by which the requesting authority requires receipt of the response to the Letter of Request: | As soon as reasonably practicable. |

In conformity with Article 3 of the Convention, the United States District Court for the Eastern District of Texas, Marshall Division, presents its compliments to the competent judicial authority in Spain and respectfully submits the following request:

| | | |
|---|---|---|
| 5. | *a*. Requesting judicial authority (article 3, a) | United States District Court for the Eastern District of Texas, Marshall Division
Sam B. Hall Jr. Federal Building and United States Courthouse
100 East Houston Street
Room 125
Marshall, Texas 75670
Phone: (903) 935-2912
Fax: (903) 938-2651 |
| | *b*. To the competent authority of (article 3, a) | The Central Authority of Spain |
| | *c*. Name of the case and any identifying number | *Fractus, S.A. v. AT&T Mobility LLC*, Civil Action File Number 2:18-cv-00135-JRG (Consolidated Lead Case)

*Fractus, S.A. v. Sprint Communications Co., L.P., et al.*, Civil Action File Number 2:18-cv-00136-JRG

*Fractus, S.A. v. T-Mobile US, Inc. et al.*, Civil Action File Number 2:18-cv-00137-JRG |

*Fractus, S.A. v. Verizon Communications Inc. et al.*,
Civil Action File Number 2:18-cv-00138-JRG

6.  Name and addresses of the parties and their representatives (including representatives in the requested state)

| | |
|---|---|
| Defendant | AT&T Mobility LLC |
| Representatives (US) | Benjamin Hershkowitz<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>E-mail: bhershkowitz@gibsondunn.com |
| Defendant | Sprint Communications Company, L.P., Sprint Spectrum L.P., Sprint Solutions, Inc., and Nextel Operations, Inc. |
| Representatives (US) | David E. Finkelson<br>McGuireWoods LLP<br>800 East Canal Street<br>Richmond, VA 23219<br>Telephone: (804) 775-1374<br>Email: dfinkelson@mcguirewoods.com |
| Defendant | T-Mobile US, Inc. and T-Mobile USA, Inc. |
| Representatives (US) | Douglas M. Kubehl<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>Telephone: (214) 953-6500<br>Facsimile: (214) 953-6503<br>E-mail:  doug.kubehl@bakerbotts.com |
| Defendant | Cellco Partnership d/b/a Verizon Wireless |
| Representatives (US) | Ross R. Barton<br>ALSTON & BIRD LLP<br>101 South Tryon Street, Suite 4000<br>Charlotte, NC 28280 |

|  | Telephone: (704) 444-1000<br>E-mail: ross.barton@alston.com |
|---|---|
| Intervenor | CommScope Technologies LLC |
| Representatives (US) | Bradley W. Micsky<br>CARLSON, CASPERS,<br>VANDENBURGH & LINDQUIST, P.A.<br>225 South Sixth Street, Suite 4200<br>Minneapolis, Minnesota 55402<br>(612) 436-9600 Telephone<br>(612) 436-9605 Facsimile<br>bmicsky@carlsoncaspers.com |

7.   *a.* Nature of the proceedings (article 3, c)

The nature of the litigation from which the Requests stem is a complaint of patent infringement involving U.S. Patent Nos. 6,937,191, 7,250,918, 7,557,768, 7,932,870, 8,228,256, 8,896,493, 9,905,940, 8,497,814, 8,754,824, and 9,450,305. Mr. Jordi Romeu Robert is named as an inventor of seven of the above patents.

   *b.* Summary of complaint

The complaint alleges that the following defendants have infringed and continue to infringe the patents listed above by making, using, importing, selling, and/or offering for sale certain cellular network equipment:

AT&T Mobility LLC; Sprint Communications Company, L.P., Sprint Spectrum L.P., Sprint Solutions, Inc., and Nextel Operations, Inc., T-Mobile US, Inc. and T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively "Defendants"). CommScope Technologies LLC has intervened in the case. To this point in the litigation, the parties have exchanged a significant number of documents and expect to soon conduct certain depositions and exchange expert reports regarding patent infringement, patent validity, and damages.

8.   *a.* Evidence to be obtained or other judicial act to be performed (article 3, d)

The nature of the proceeding being requested at this time is (1) a Request to Compel Deposition Testimony from Jordi Romeu Robert on the topics set forth in Attachment A; and (2) a Request for Production by Jordi Romeu Robert for documents kept and maintained through his course of business related to the

topics set forth in Attachment A.

*b.* Purpose of the evidence or judicial act sought

The evidence sought is directly relevant to the issues in dispute and is evidence intended for trial. In particular, Defendants seek testimony and documents to be used at trial regarding the topics and requests listed in Attachment A. The relevance of each topic is explained below:

1. Mr. Romeu's knowledge, documents and opinions on matters personally perceived by him regarding the public use, disclosure, sale, offer for sale, or display of the alleged invention(s) of the Fractus Patents prior to October 18, 2005 are relevant at least to Defendants' invalidity defenses.

2. Mr. Romeu's knowledge, documents and opinions on matters personally perceived by him regarding the commercialization, license, acquisition, purchase, sale, offer for sale, assignment, or valuation of any Fractus Patent, or of any portfolio of patents containing at least one Fractus Patent, are relevant at least to Defendants' damages defenses.

3. Mr. Romeu's knowledge, documents and opinions on matters personally perceived by him regarding his work prior to October 2005 with any of the following individuals and companies regarding the research and/or development of base station antennas: any other Named Inventor, Siemens, Moyano, Sistemas Moyano, Kathrein-Werke, or Antennas Moyano are relevant at least to Defendants' invalidity and enforceability defenses.

4. Mr. Romeu's knowledge, documents and opinions on matters personally perceived by him regarding employment agreements, work-for-hire agreements, assignment agreements, IP-ownership agreements, gentleman's agreements, royalty agreements, or other agreements, between Mr. Romeu and any of Universitat Politecnica de Catalunya, Ruben Bonet, Marta Baba, Siemens, Moyano, Sistemas Moyano, Antennas Moyano, or any other Named Inventor that pertain to antennas or patents are relevant at least to Defendants'

enforceability defenses.

| | | |
|---|---|---|
| 9. | Identity and address of any person to be examined (Article 3, e) | Jordi Romeu Robert<br>Universitat Politecnica de Catalunya<br>Teoria Senyal i Comunicacions<br>EDIFICI D3<br>DESPATX: 106<br>C. JORDI GIRONA, 1-3<br>08034 BARCELONA<br>SPAIN |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Attachment A (Examination Topics). |
| 11. | Documents or other property to be inspected (Article 3, (g)) | The documents to be inspected are set those related to the topics forth on Attachment A (Document Requests). |
| 12. | Requirement that the Evidence be Given on Oath or Affirmation (Art. 3(h)) | The witness(es) should be examined under oath or affirmation. |
| 13. | Special methods or procedure to be followed (Art. 3(i) and 9) | This Letter of Request includes the following requests:<br>• That this Letter of Request be granted and the evidence-taking proceeding be performed on an expedited basis because the fact discovery cut off in the underlying case is on April 15, 2019;<br>• That attorneys for the Defendants be permitted to ask the witness additional questions that are related to the subject matter set forth in Attachment A.<br>• That an authorized shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim (in English) and prepare a transcript of the evidence;<br>• That an authorized shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim (in Spanish) and prepare a transcript of the evidence;<br>• That an authorized interpreter for each side be present at the examination who shall translate the questions and oral testimony between Spanish and English; |

- That an authorized videographer be present at the examination who shall record a video of the oral testimony and prepare copies of the video for the parties;
- That the examinations take place at dates and times as may be agreed upon between the witness and counsel for the parties;
- That the examinations not exceed a total of four hours on the record, shared among the above-listed Defendants; and
- That, to the extent that multiple hearing dates are necessary to complete the taking of evidence sought in Attachment A and the additional questions related to the subject matter set forth in Attachment A, the hearings are scheduled on consecutive days or as close to each other as reasonably practicable.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law. To the extent any request in this section is deemed incompatible with Spanish principles of procedural law, it is to be disregarded.

| | | |
|---|---|---|
| 14. | Request for information of time and place for the execution of the Request pursuant to Article 7 of the Convention | It is requested that United States Counsel for the Defendants at the addresses set forth in paragraph 6 above, should be contacted for any information relating to the execution of this Letter of Request. |
| 15. | Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Art. 8) | No attendance of judicial personnel is requested. |
| 16. | Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11 (b)) | The privilege or duty of the witness to refuse to give evidence shall be the same as if they were testifying under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys. |
| 17. | Fees and costs (Art. 14 and 26) | The Defendants, to the extent any such fees apply. |

Please contact the Defendants' United States counsel, at the address set out under paragraph 6 above, to make any necessary financial arrangements.

DATE OF REQUEST                    _____ 2018


_____
United States District Court for the Eastern District
of Texas, Marshall Division
Sam B. Hall Jr. Federal Building and United States
Courthouse
100 East Houston Street
Room 125
Marshall, Texas 75670
United States of America
(signature and seal)

# ATTACHMENT A

## DEFINITIONS

1. **"*Fractus*"** or **"*Plaintiff*"** collectively includes Fractus, S.A., Fractus Antennas SL, Advanced Automotive Antennas, and any of their officers (e.g., Ruben Bonet or Carles Puente Baliarda), directors, employees, or representatives.

2. **"*Fractus Patents*"** means the family of issued patents, patent applications, and patent publications assigned to Fractus that trace their ultimate priority to PCT/ES99/00343, which published on May 3, 2001 as WO 01/31747 and is entitled, "Agrupaciones Multibanda de Antenas Entrelazadas," or "Interlaced Multiband Antenna Arrays." Among this family of patents are European Patent Specification No. 1 227 545 and U.S. Patent Nos.: 6,937,191; 7,250,918; 7,557,768; 7,932,870; 8,228,256; 8,896,493; and 9,905,940. This patent family names Jordi Romeu Robert, Carles Puente Baliarda, and Sebastian Blanch Boris as inventors.

## INSTRUCTIONS

1. In responding to these document requests, please furnish all information that is available to you.

2. Attached as Exhibit B to this subpoena is the Court's Protective Order governing the treatment of confidential documents and information in the Present Litigation.

## DOCUMENT REQUESTS

**The following information is requested for the purposes of trial in the United States District Court for the Eastern District of Texas. The trial is set to begin in September 2019.**

**REQUEST NO. 1:**

Documents in Mr. Romeu's possession concerning public use, disclosure, sale, offer for sale, or display of multi-band and/or wide-band antenna arrays for base stations prior to October 26, 1999, such as disclosure in or at trade shows, conferences, demonstrations, journals, academic publications, trade publications.

**REQUEST NO. 2:**

Documents in Mr. Romeu's possession concerning the commercialization, license, acquisition, purchase, sale, offer for sale, assignment, or valuation of any Fractus Patent, or of any portfolio of patents containing at least one Fractus Patent.

**REQUEST NO. 3:**

Documents in Mr. Romeu's possession dated prior to October 2005 that concern his work with any of the following individuals and companies regarding the research and/or development of multi-band and/or wide-band antenna arrays for base stations: Carles Puente Baliarda, Ruben Bonet, Sebastian Boris Blanch, Jaume Anguera Pros, Carmen Borja Borau, Siemens AG, Moyano Telsa Sistemas Radiantes y Telecomunicaciones, S.A., Sistemas Radiantes Moyano S.A., Kathrein-Werke KG, or Antenas Moyano S.L.

**REQUEST NO. 4:**

Documents in Mr. Romeu's possession concerning employment agreements, work-for-hire agreements, assignment agreements, IP-ownership agreements, gentleman's agreements, royalty agreements, or other agreements that relate to Fractus, the Fractus Patents, or antennas and that are between Mr. Romeu and any of: Universitat Politecnica de Catalunya, Carles Puente

Baliarda, Sebastian Boris Blanch, Jaume Anguera Pros, Carmen Borja Borau, Ruben Bonet, Marta Baba, Siemens AG, Moyano Telsa Sistemas Radiantes y Telecomunicaciones, S.A., Sistemas Radiantes Moyano S.A., Kathrein-Werke KG, or Antenas Moyano S.L.

### EXAMINATION TOPICS

**TOPIC NO. 1:**

Mr. Romeu's knowledge of matters personally perceived by him concerning public use, disclosure, sale, offer for sale, or display of multi-band and/or wide-band antenna arrays for base stations of the alleged invention(s) of the Fractus Patents prior to October 26, 1999, such as disclosure in or at trade shows, conferences, demonstrations, journals, academic publications, or trade publications.

**TOPIC NO. 2:**

Mr. Romeu's knowledge of matters personally perceived by him concerning the commercialization, license, acquisition, purchase, sale, offer for sale, assignment, or valuation of any Fractus Patent, or of any portfolio of patents containing at least one Fractus Patent.

**TOPIC NO. 3:**

Mr. Romeu's knowledge of matters personally perceived by him concerning his work prior to October 2005 with any of the following individuals and companies regarding the research and/or development of multi-band and/or wide-band antenna arrays for base stations: Carles Puente Baliarda, Ruben Bonet, Sebastian Boris Blanch, Jaume Anguera Pros, Carmen Borja Borau, Siemens AG, Moyano Telsa Sistemas Radiantes y Telecomunicaciones, S.A., Sistemas Radiantes Moyano S.A., Kathrein-Werke KG, or Antenas Moyano S.L.

**TOPIC NO. 4:**

Mr. Romeu's knowledge of matters personally perceived by him concerning employment agreements, work-for-hire agreements, assignment agreements, IP-ownership agreements,

gentleman's agreements, royalty agreements, or other agreements that relate to Fractus, the Fractus Patents, or antennas and that are between Mr. Romeu and any of: Universitat Politecnica de Catalunya, Carles Puente Baliarda, Sebastian Boris Blanch, Jaume Anguera Pros, Carmen Borja Borau, Ruben Bonet, Marta Baba, Siemens AG, Moyano Telsa Sistemas Radiantes y Telecomunicaciones, S.A., Sistemas Radiantes Moyano S.A., Kathrein-Werke KG, or Antenas Moyano S.L.

**TOPIC NO. 5:**

Mr. Romeu's understanding of the technology used in multi-band or wide-band antenna arrays.

**TOPIC NO. 6:**

Mr. Romeu's knowledge of matters personally perceived by him concerning the contents and authentication of every document produced by Mr. Romeu in response to Document Request Nos. 1–4.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A.,<br><br>        Plaintiff,<br><br>    v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC,<br><br>    Defendant. | Case No. 2:18-cv-00135-JRG<br>LEAD CASE |
| SPRINT COMMUNICATIONS<br>COMPANY, L.P., ET AL.,<br><br>    Defendants. | Case No. 2:18-cv-00136-JRG |
| T-MOBILE US, INC. ET AL.,<br><br>    Defendants. | Case No. 2:18-cv-00137-JRG |
| VERIZON COMMUNICATIONS INC.<br>ET AL.,<br><br>    Defendants. | Case No. 2:18-cv-00138-JRG |

**STIPULATED PROTECTIVE ORDER**

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information that the Parties and non-parties are entitled to keep confidential, ensure that only materials the Parties and non-parties are entitled to keep confidential are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**I.    INFORMATION SUBJECT TO THIS PROTECTIVE ORDER**

A.    Discovery materials produced in this case by any party or non-party may be labeled as one of two categories:  CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY[1] as set forth below.  Both of the identified categories of information shall be

---

[1] The parties do not anticipate the production of source code in this case.

identified collectively in this Protective Order by the title "Protected Information." This Protective Order shall encompass not only Protected Information, but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Information.

B.    To the extent that any one of Defendants in this litigation provides Protected Information under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that material with any other Defendant in this litigation (whether through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means), absent express written permission from the producing Defendant. This Protective Order does not confer any right to any one Defendant to access the Protected Information of any other Defendant. If Plaintiff seeks to produce and use such Protected Information in its case with a Defendant other than the producing Defendant, it may request that the producing Defendant allow it to do so. The producing Defendant will act in good faith in its response to such request. If the producing Defendant withholds consent it will so state its position within five (5) business days of Plaintiff's request. Plaintiff may then move the Court for relief, and will not utilize this procedure except in good faith and for documents which could not be obtained otherwise by Plaintiff with reasonable effort. Notwithstanding anything to the contrary, except to the extent the relief in the preceding sentence is granted, in no case shall any information designated as Protected Information by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

C.    The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental

disclosures under Rule 26(a) or the Local Patent Rules. Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

D. This Protective Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

E. Information Designated as "CONFIDENTIAL INFORMATION"

1. For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, including any Party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers in good faith to contain confidential, commercially sensitive, and/or proprietary information not otherwise known or available to the public. Any CONFIDENTIAL INFORMATION obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" prior to or at the time copies are furnished to the Receiving Party.

3. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph I.E.2 may be so designated by placing the appropriate designation on every page of the written material prior to

production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  For digital files produced in native format and for which marking each viewable page or image with the appropriate confidentiality designation is not practicable, the Producing Party may instead include the confidentiality designation in the file name and on the slipsheet.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" (unless otherwise designated at the time of inspection) during the inspection and re-designated, as appropriate during the copying process.

   4. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph I.E.3 shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

   5. Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY (unless otherwise designated at the time of inspection) and shall be subject to this Protective Order.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

   6. The following are non-limiting examples of information that is not CONFIDENTIAL INFORMATION:

   a. Any information that is, or after its disclosure to a Receiving Party becomes, part of the public domain as a result of publication not involving a violation of this Protective Order or other obligation to maintain the confidentiality of such information;

b. Any information that the Receiving Party can show was already publicly known prior to the disclosure;

c. Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

d. Any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's CONFIDENTIAL INFORMATION;

e. Any advertising materials that have been actually published or publicly disseminated; and

f. Any materials that have been disseminated to the public.

7. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a. Outside litigation counsel of record for the Receiving Party and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters to whom it is reasonably necessary to disclose the information for this litigation;

b. Technical advisors and their necessary support personnel, subject to the provisions of Paragraphs III.A–III.F herein, and who have signed and provided the form attached hereto as Exhibit A; the term "technical advisor" shall mean independent outside expert witnesses or consultants (i.e., not employees of a Party or of a competitor of a Party, and who at the time of retention are not anticipated to become employees of a Party or a competitor of a Party) with whom counsel may deem it necessary to consult and who comply with Section III;

c. Up to and including three (3) designated representatives of each of the Parties who are employed by, but are not involved in Competitive Decision-Making (as defined below) for, that Party or that Party's parent company or corporate affiliate, and who have

signed the form attached hereto as Exhibit A, to the extent reasonably necessary for the litigation of this action, except that a Defendant's in-house counsel and employees under this Paragraph shall not have access to any other Defendant's CONFIDENTIAL INFORMATION, absent explicit agreement from the Producing Party;

d. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services; persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstratives, or organizing, storing, retrieving, and reviewing data in any form or medium; provided that all such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

f. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

g. An author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL INFORMATION. Such person shall be given access only to the specific document or information therein.

F. Information Designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

1. The HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that the producing Party or non-party believes is so sensitive that its dissemination deserves even further limitation. Documents

marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL shall be treated as if designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY. In determining whether information should be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, each Party agrees to use such designation only in good faith.

2.      Documents designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in Paragraphs I.E.7.a, b, d, e, f and g, subject to any terms set forth or incorporated therein, and not any person or entity listed in Paragraph I.E.7.c.

3.      Notwithstanding any contrary provisions of Paragraphs I.E and I.F, those persons identified in Paragraph I.E.7.c herein shall be allowed access to the scope and settlement amount of any license agreement or settlement agreement regarding the asserted patents (or any portfolio which contains the asserted patents) in this litigation solely for the purpose of facilitating settlement negotiations in this action.

## II.   PROSECUTION BAR

A.      Absent the written consent of the Producing Party, no person on behalf of Plaintiff, including without limitation any technical advisor of Plaintiff, who reviews a Defendant's or non-party's technical information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY relating to multiband base station antennas ("Prosecution Bar Information") shall, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this case (including any appeals) prepare, prosecute, supervise, or assist in the preparation, acquisition, or prosecution of any patent application pertaining to the field of invention of the patent-in-suit (*i.e.*, multiband base station antennas). To ensure compliance with the purpose of this provision, Plaintiff must create an "Ethical Wall" between those persons with access to Prosecution Bar Information and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute,

supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this provision precludes any person associated with Plaintiff who obtains, receives, has access to, or otherwise learns about, in whole or in part, Prosecution Bar Information from participating in any post-grant proceeding, except that such persons may not directly or indirectly assist in drafting, amending, or proposing for substitution or addition any patent claims in any post-grant proceeding.

B.      For clarity and the avoidance of doubt, in-house or outside counsel of any Defendant in this action are not subject to this Prosecution Bar, even if they have received any other Producing Party's Prosecution Bar Information, other than through a violation of this Protective Order.

## III.     DISCLOSURE OF TECHNICAL ADVISORS

A.      Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's technical advisors and their necessary support personnel.

B.      No disclosure of Protected Information to a technical advisor or their necessary support personnel shall occur until that technical advisor has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under Paragraph III.C., that objection is resolved according to the procedures set forth below.  Except as set forth in Section I.E.7.c, no disclosure of Protected Information may be provided to an expert or consultant that is a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.  No disclosure of Protected Information may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3

(Fed. Cir. 1984) ("Competitive Decision-Making"), on behalf of a Party or a competitor of a Party.

      C.     A Party desiring to disclose Protected Information to a technical advisor shall give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the Parties receiving such notice shall have seven (7) business days after such notice is given to object in writing to the disclosure. The Party desiring to disclose Protected Information to a technical advisor must provide the following information for each technical advisor: name, address, curriculum vitae, current employer, title, job responsibilities, employment history for the past three (3) years including the name of each entity for whom the advisor has worked during that time, any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five (5) years, and an identification of any patents or patent applications in which the technical advisor is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

      D.     A Party objecting to disclosure of Protected Information to a technical advisor shall, within seven (7) business days of receiving notice of the intended disclosure, state with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Protected Information to a technical advisor shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Information to the technical advisor will result in specific business or economic harm to that Party that is outside of the scope of this litigation. If no Party raises such an objection within seven (7) business days of receiving notice of the intended disclosure, the technical advisor shall be deemed qualified to receive the Protected Information described in the notice of intended disclosure.

E.      If after consideration of the objection, the Party desiring to disclose the Protected Information to a technical advisor refuses to withdraw the technical advisor, that Party shall provide notice to the objecting Party and the Parties shall in good faith attempt to resolve the objection informally.  Thereafter, if the informal efforts do not resolve the dispute within seven (7) business days of receiving such notice, the Party objecting to disclosure of Protected Information may file a motion requesting that the technical advisor not be allowed to view the Protected Information.  A failure to file a motion within the seven (7) business day period, absent an agreement of the Parties to the contrary or for an extension of such seven (7) business day period, shall operate to allow disclosure of the Protected Information to the technical advisor objected to.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

F.      The objecting Party shall have the burden of showing by a preponderance of the evidence that the disclosure sought should be prohibited.  If the objecting party files a motion in accordance with Paragraph III.E, the Protected Information subject to the objection shall not be disclosed to the technical advisor objected to unless and until the Court determines that the disclosure should be allowed.

G.      Without the express prior written consent of the Defendant that produced the Protected Information, no expert or consultant retained by a Defendant in this matter shall have access to Protected Information produced by another Defendant in this matter.

## IV.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.      The Parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.      A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The Parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached within five (5) business days after receipt of the Receiving Party's written challenge, the Receiving Party shall file a motion or other appropriate request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating Party.

C.      If a motion or other request is filed pursuant to Paragraph IV.B, until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Protective Order.

## V.      LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A.      All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other proceeding, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, opposition proceeding, or any business or competitive purpose or function, and shall not be distributed, disclosed or made available to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge and/or is identified within the Protected Information as an author, addressee, or recipient of such information or who can be shown by appropriate

foundation (without disclosing the contents of the document) would have received the particular information. Without in any way limiting the generality of the foregoing:

      1.     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that Party;

      2.     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

      3.     Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Protective Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Protective Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

      4.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

5.      Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

6.      Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.      Any deposition transcript, in whole or in part, may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY by an appropriate statement at the time such testimony is given or thereafter by notifying the other Parties in writing of the portions of such testimony to be so designated within twenty-one (21) calendar days from receipt of the final certified transcript.  Upon such request, the reporter shall mark on the title page the original and all copies of the transcript as designated.  Deposition transcripts, in their entirety, shall be treated by default as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation or until each counsel who took or defended the deposition state that they do not

intend to make any confidentiality designation. Any Party that wishes to disclose the transcript, or certain information contained therein, may provide written notice of its intent to treat the transcript, or certain information contained therein, as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) calendar days, or else the transcript or the certain information contained therein may be treated as non-confidential.

8.      Any Protected Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Information. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

9.      Counsel for the relevant Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

C.      No Party may remove, or cause to be removed, Protected Information produced by another Party from the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the

territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, to the extent otherwise permitted by law, Protected Information may be taken outside the territorial limits of the United States if: (1) it is reasonably necessary for a deposition in this litigation taken in a foreign country; (2) the Protected Information originated in a country other than the United States and it is taken solely to that country of origin; or (3) the Protected Information is being provided to or for review within the country of Spain pursuant to Paragraph I.E.7.c to a designated representative of Fractus who has signed Exhibit A. Protected Information taken outside the territorial limits of the United States under the preceding sentence may be taken only to the country or countries expressly allowed by the preceding sentence. Upon request by the Receiving Party as to particular Protected Information, if a Producing Party is aware that such Protected Information is subject to export control laws, it shall notify the Receiving Party of the same. However, the party taking Protected Information outside the territorial limits of the United States is solely responsible for ensuring that all export control laws are obeyed with respect to such activity. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

D.      Nothing in this Protective Order shall restrict in any way the use or disclosure of Protected Information by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

E.      No Defendant is required to produce its Protected Information to any other Defendant or Defendants, or to any other Defendant's or Defendants' counsel, but nothing in this Protective Order shall preclude such production.

F.      The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Information at trial to be submitted for approval by the Court.

Any Party intending to use Protected Information during any trial, hearing, or other court proceeding shall make reasonable efforts to ensure compliance with this Order and to avoid disclosure to persons not allowed to access such information, including by seeking that the Court seal the courtroom and exclude such non-authorized persons from the portion of the proceeding in which the information is disclosed.

## VI.   NON-PARTY USE OF THIS PROTECTIVE ORDER

A.      A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B.      A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any Party in this case.

C.      Nothing herein shall prevent a non-party that is a Producing Party from requesting additional reasonable restrictions beyond those set forth in this Protective Order.

## VII.   NO WAIVER OF PRIVILEGE

A.      Nothing in this Protective Order shall require disclosure of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert.  Any Party that inadvertently produces or makes available for inspection materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return or destruction of those materials by promptly notifying the recipient(s).  The Producing Party shall provide a

16

privilege log for any relevant inadvertently produced materials as soon as reasonably possible after requesting their return or destruction. The recipient(s) shall gather and return all copies of the privileged material to the Producing Party or certify their destruction no later than five (5) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party. The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

B.      If the Receiving Party contests the privilege or work product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for the disagreement. The Receiving Party shall seek an Order from the Court compelling the production of the material. If no such Order is sought within thirty (30) calendar days, then all copies of the disputed document shall be returned in accordance with Paragraph VII.A. Absent a Court Order to the contrary, the Parties hereby agree and stipulate that any privilege or immunity that was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.

## VIII.   NO WAIVER OF PROTECTION

A.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall notify all Receiving Parties that such documents are protected under one of the categories of this

Protective Order within fourteen (14) calendar days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Information with the correct confidentiality designation within seven (7) calendar days upon its notification to the Receiving Parties. Within seven (7) calendar days of receiving the Protected Information with the correct confidentiality designation, the Receiving Parties shall return or securely destroy and certify such destruction, at the Producing Party's option, all Protected Material that was not designated properly.

B.     In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Information or waive the right to hold the disclosed document or information as Protected.

C.     A Receiving Party shall not be in breach of this Protective Order for any use of such Protected Information before the Receiving Party receives the Protected Information with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Protected Information should have been appropriately designated with a confidentiality designation under this Protective Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Information with the correct confidentiality designation, the Receiving Party shall treat such Protected Information at

the appropriately designated level pursuant to the terms of this Protective Order. Notwithstanding the above, a subsequent designation of Protected Information shall apply on a going forward basis only and shall not disqualify anyone who reviewed Protected Information while the materials were not appropriately marked from engaging in any activities otherwise permitted by this Protective Order.

## IX.    MISCELLANEOUS PROVISIONS

A.     The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

B.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" shall be treated as "CONFIDENTIAL" pursuant to this Protective Order, and any document produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall be treated as if designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

C.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the Party against whom such waiver will be effective.

D.     The provisions of this Protective Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs.  Except as otherwise required herein, within sixty (60) calendar days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party (including technical advisors who received Protected Information) shall, at the option of the Producing Party, either return, destroy, or delete all documents and things that embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all documents and things, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to

any category of Protected Information.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party.

E.      Notwithstanding the provisions of the foregoing paragraph, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and attorney work product which refers or is related to any Protected Information for archival purposes only.  Any such archived copies that contain or constitute Protected Information remain subject to this Protective Order and shall be maintained in confidence by outside counsel for the Party retaining the materials.  All Parties that have received any such Protected Information shall certify in writing that all materials that are required under this Protective Order to be returned to the respective outside counsel of the Producing Party or destroyed have been so returned or destroyed.

F.      If at any time Protected Information in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Protective Order with such notice, (b) give written notice thereof to every Party or non-party, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or non-party with an

opportunity to object to the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing non-party opposing the request for production of such documents or materials. If a Producing Party or non-party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

G.      Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

H.      Nothing in this Protective Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Information to any person. Such disclosures shall not affect any designation of Protected Information made pursuant to the terms of this Protective Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

I.      This Protective Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. Nothing in this

Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Protective Order.

J.   The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

K.   Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Protective Order shall retroactively apply to any Protected Information obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

L.   This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

M.   All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendants and Plaintiff who have entered an appearance in this case.

**So Ordered this**

Jul 25, 2018

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A., <br><br>     Plaintiff, <br><br>       v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC, <br><br>     Defendant. | Case No. 2:18-cv-00135-JRG <br> LEAD CASE |
| SPRINT COMMUNICATIONS <br> COMPANY, L.P., ET AL., <br><br>     Defendants. | Case No. 2:18-cv-00136-JRG |
| T-MOBILE US, INC. ET AL., <br><br>     Defendants. | Case No. 2:18-cv-00137-JRG |
| VERIZON COMMUNICATIONS INC. <br> ET AL., <br><br>     Defendants. | Case No. 2:18-cv-00138-JRG |

## EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in the above-captioned consolidated cases. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____


Dated: _____          _____
                                              [Signature]

24