# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A.,<br>      Plaintiff,<br>  v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC,<br>      Defendant. | Case No. 2:18-cv-00135-JRG<br>LEAD CASE |
| SPRINT COMMUNICATIONS COMPANY, L.P., ET AL.,<br>      Defendants. | Case No. 2:18-cv-00136-JRG |
| T-MOBILE US, INC. ET AL.,<br>      Defendants. | Case No. 2:18-cv-00137-JRG |
| VERIZON COMMUNICATIONS INC. ET AL.,<br>      Defendants. | Case No. 2:18-cv-00138-JRG |
| COMMSCOPE TECHNOLOGIES LLC & CELLMAX TECHNOLOGIES AB,<br>      Defendant-Intervenors. | |

**DEFENDANTS AND DEFENDANT-INTERVENORS'**
**MOTION TO STRIKE DECLARATION OF DR. STUART LONG IN SUPPORT OF**
**PLAINTIFF FRACTUS, S.A.'S CLAIM CONSTRUCTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. ARGUMENT ........................................................................................................................ 3

    A. A PARTY MAY NOT RELY UPON NEW EXPERT TESTIMONY DISCLOSED FOR THE FIRST TIME WITH THE PARTY'S CLAIM CONSTRUCTION BRIEF. ............. 4

    B. FRACTUS VIOLATED P.R. 4-3(B) BY RELYING ON THE SECOND LONG DECLARATION. ................................................................................................................ 4

    C. FRACTUS'S LATE DISCLOSURE WAS NOT JUSTIFIED AND PREJUDICES DEFENDANTS. ................................................................................................................. 5

IV. CONCLUSION ..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Lodsys, LLC v. Brother Int'l Corp.*,
  No. 2:11-CV-90-JRG, 2013 WL 6442185 (E.D. Tex. Mar. 12, 2013)..............................1, 3, 4

*TQP Dev., LLC v. Wells Fargo & Co.*,
  No. 2:12-cv-61-JRG, 2013 WL 6247363 (E.D. Tex. Dec. 2, 2013).........................................3

**RULES**

Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) .......................................................................................2, 4

Patent Rule 4-3(b) .................................................................................................................1, 4

Pursuant to local Patent Rule (P.R.) 4-3(b), as reflected in General Order 18-10, Defendants[1] respectfully move to strike the February 13, 2019 Declaration of Dr. Stuart Long in Support of Plaintiff Fractus, S.A.'s Claim Constructions (ECF No. 183-1), the exhibits thereto (ECF No. 183-2 through 183-5) (collectively, the "Second Long Declaration"), and any references to the Second Long Declaration (Ex. E (subject matter underlined in red)) in Fractus's claim construction brief (ECF No. 183). And because Defendants' responsive claim construction briefing is due March 5, 2019, Defendants also respectfully request that the Court grant unopposed expedited briefing with Plaintiff's five-page Response due on March 1, 2019 and no reply or sur-reply.

**I.  INTRODUCTION**

Concurrent with its opening claim construction brief, Fractus submitted a new expert declaration containing new opinions regarding indefiniteness and new exhibits in support of those opinions, neither of which was previously disclosed to Defendants in accordance with this Court's Patent Rules. Fractus's late disclosure violates "[b]oth the letter and the spirit of the Patent Rules," which "require early and complete disclosure of extrinsic evidence relevant to claim construction." *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-CV-90-JRG, 2013 WL 6442185, at *1 (E.D. Tex. Mar. 12, 2013). Specifically, Fractus's untimely expert opinions and exhibits violate P.R. 4-3(b), which requires that each party serve a disclosure of the expert testimony on which it intends to rely in its claim construction briefing *before* briefing begins, including: (i) a complete statement of all opinions the expert will express and the basis and reasons for them, and (ii) the facts or data considered by the expert in forming those opinions. Because Fractus's new indefiniteness opinions and exhibits are not within the scope of the disclosure it served on the Rule 4-3(b) deadline (as detailed below), they should be stricken, and Fractus should be precluded from relying on them.

Fractus's introduction of and reliance on the Second Long Declaration is wholly unjustified and prejudices Defendants by upending the orderly progression of the case as embodied in the

---

[1] "Defendants" refers to all Defendants and Defendant-Intervenors in the related cases.

Patent Rules and schedule. In addition, Defendants are severely prejudiced due to limited time to fully research and respond to these new opinions and exhibits.

## II. BACKGROUND

According to P.R. 4-3(b), each party must "serve a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position." P.R. 4-3(b). The requirement of a disclosure consistent with Rule 26(a)(2)(B)(i)–(ii) was effective December 1, 2018 and "clarifies that P.R. 4-3 requires a complete statement of all opinions the witness will express and the basis and reasons for them, as well as the facts or data considered by the witness in forming them." General Order 18-10, comment to P.R. 4-3 (citing Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii)).

In this case, the disclosure of expert testimony required by P.R. 4-3(b) was due on January 14, 2019, as Fractus was aware (*see* Amended Dkt. Control Order (ECF No. 131); Ex. A (12/28/2018 email to Fractus from D. Tobin)). Accordingly, on January 14, 2019, the parties exchanged extrinsic evidence, including expert declarations. Defendants served the declaration of Dr. Mohammod Ali, and Fractus served a declaration by Dr. Stuart Long ("First Long Declaration") (Ex. B). Fractus previously represented that it would rely on the First Long Declaration to support its claim construction positions (*see* ECF No. 132, at 3).

Yet on February 13, 2019, concurrent with its claim construction brief, Fractus submitted a new declaration from Dr. Long ("Second Long Declaration") (ECF No. 183-1 through 183-5), which adds several new opinions not within the scope of the First Long Declaration, including:

- new opinions regarding the term "situated around," including (i) that it is "not a term of degree," (ii) that a "person of ordinary skill would understand that frequency band is 'situated around' a given frequency if its lower bound is below that frequency and the upper bound above it," and (iii) that the specification's disclosure of GSM bands gives the term "objective boundaries";
- new opinions regarding the term "impedance pattern," including (i) the meaning of "impedance pattern," (ii) how impedance measurements are allegedly "recorded and described using a graphical representation," (iii) how the graphical representations in the '541 patent are allegedly "also commonly used in industry," and (iv) that the term

2

- "impedance pattern" is used in the field of radio engineering; and
- new opinions on what it means for radiation and impedance patterns to be "similar" or "substantially similar" in multiple frequency bands.

(*See, e.g.*, Ex. C (redline comparing text of First and Second Long Declarations), at ¶¶ 9–10, 16–17, 19–22.)

In addition, the Second Long Declaration relies on new evidence that was not timely disclosed. For example, the Second Long Declaration cites (*i*) U.S. Patent No. 8,941,541 (ECF No. 183-1, at ¶ 20 (citing ECF No. 183-3)); (*ii*) product documentation of unknown provenance regarding an antenna from Radio Frequency Systems (RFS) (*id.* at ¶ 20 (citing ECF No. 183-5)); and (*iii*) a 1998 paper titled "Study of Impedance and Radiation Properties of a Concentric Microstrip Triangular-Ring Antenna and Its Modeling Techniques Using FDTD Method" by Iti Saha Misra and S. K. Chowdhury (*id.* at ¶¶20-21 (citing ECF No. 183-4)). Dr. Long did *not* cite any of this evidence in the First Long Declaration, and Fractus did not disclose to Defendants that it intended to rely on any of this other extrinsic evidence until February 7, 2018[2]—after the parties submitted their Joint Claim Construction and Pre-Hearing Statement (ECF No. 132, Ex. B).[3]

## III.   ARGUMENT

The Second Long Declaration and new exhibits thereto are outside the scope of Fractus's January 14 disclosure and, therefore, prohibited under P.R. 4-3(b). Consequently, the remedy is to strike the Second Long Declaration and any reference to it in Fractus's Opening Claim Construction Brief. *See TQP Dev., LLC v. Wells Fargo & Co.*, No. 2:12-cv-61-JRG, 2013 WL 6247363, at *4 (E.D. Tex. Dec. 2, 2013) (striking expert declaration because plaintiffs "failed to disclose the extrinsic expert opinions . . . before the start of claim construction briefing, as required by P.R. 4-3(b)," and striking extrinsic dictionary definition not identified in P.R. 4-3 disclosure).

---

[2]   Counsel for Fractus belatedly disclosed its intent to rely on the Misra and Chowdhury article (ECF No. 183-4) but said nothing about U.S. Patent No. 8,941,541 (ECF No. 183-3) or the RFS document (ECF No. 183-5) (*see* Ex. D (2/7/2019 email from Fellowes)).

[3]   That one reference was part of the prior art that Defendants previously disclosed to Fractus is immaterial to Fractus's obligation to disclose its expert's intent to rely on these documents.

### A. A Party May Not Rely upon New Expert Testimony Disclosed for the First Time with the Party's Claim Construction Brief.

The Local Patent Rules and this District's case law preclude parties from introducing new expert testimony with their claim construction briefs. In *Lodsys*, this Court held that a party must disclose its expert declaration *in advance* of claim construction briefing because the purpose of P.R. 4-3(b) "is to ensure that each party makes a substantive and informative disclosure of any intended sworn declaration which they may seek to rely upon in their claim construction briefing," and that to "do anything less makes Patent Rule 4-3(b) essentially meaningless." *Lodsys*, 2013 WL 6442185, at *2. In keeping with *Lodsys*, P.R. 4-3(b) was subsequently amended to specifically require a disclosure that meets the requirements of Federal Rule 26(a)(2)(b)(i)–(ii)—namely, one that includes "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." P.R. 4-3(b); Fed. R. Civ. P. 26(a)(2)(b)(i)–(ii). In its comment to the amendment, the Court further reiterated that any declaration submitted to support later claim construction briefing must be "within the scope of the earlier disclosure." General Order 18-10, comment to P.R. 4-3.

### B. Fractus Violated P.R. 4-3(b) by Relying on the Second Long Declaration.

In violation of P.R. 4-3(b), Fractus relied upon a new expert declaration from Dr. Long that was produced for the first time as an exhibit to Fractus's Opening Claim Construction Brief (*see* ECF No. 183 at 7, 14, 18, 22–25, 30 (citing Second Long Declaration (ECF No. 183-1)); Ex. E (subject matter underlined in red)). As discussed above, the Second Long Declaration contains numerous new opinions that are outside the scope of the First Long Declaration. In addition, the Second Long Declaration relies on and attaches new extrinsic evidence that was not disclosed in connection with the First Long Declaration or the Joint Claim Construction Statement (*compare* ECF No. 183-1 ¶¶ 20-21 *with* ECF No. 132, Ex. B). Thus, the First Long Declaration was not a "complete statement of all opinions the witness will express," nor did it include "the facts or data considered by the witness in forming them," as required. Accordingly, the Second Long Declaration violates P.R. 4-3(b).

4

### C. Fractus's Late Disclosure Was Not Justified and Prejudices Defendants.

Fractus cannot justify its late disclosure. Although Fractus represented on a meet-and-confer that the Second Long Declaration was prompted by changes in Defendants' indefiniteness positions and was therefore appropriate as "rebuttal" to Dr. Ali's declaration, Fractus can point to no such changes. To the contrary, Defendants clearly identified the relevant indefiniteness issues before the parties provided their P.R. 4-3 disclosures. Indeed, the new opinions in the Second Long Declaration relate to issues that Defendants' identified in their invalidity contentions served over three months before the P.R.4-3 deadline. *See* Ex. F at 143–44 (identifying "situated around" as an indefinite term of degree); *id.* at 29, 139–40 (identifying "impedance pattern" as indefinite for not have a well-understood meaning in the art and not being described in the asserted patents); *id.* at 137–38 (identifying "similar" and "substantially similar" as indefinite for a lack of guidance in the intrinsic record on how to make a comparison). And Fractus had Dr. Ali's declaration for a month yet made no attempt to seek leave to file a "rebuttal" declaration prior to the filing of its opening claim construction brief. Thus, Fractus cannot avoid the P.R. 4-3 deadline under the guise of rebuttal.

Fractus's late disclosure prejudices Defendants by interfering with the orderly progression of the case as embodied in the Patent Rules and schedule. And Defendants are severely prejudiced due to limited time to fully research and respond to these new opinions and exhibits.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court strike the Second Long Declaration (ECF No. 183-1), its exhibits (ECF No. 183-2 through 183-5), and any references to the declaration in Fractus's claim construction brief (*see* Ex. E (subject matter underlined in red)).[4]

---

[4] If the Court denies this motion, Defendants request alternative relief; namely, that the case schedule be modified to permit full discovery of Plaintiff's expert prior to Defendants' brief (or an opportunity to supplement, which would necessitate rescheduling of the *Markman* hearing).

Respectfully submitted,

DATED: February 20, 2019

| | |
|---|---|
| **NORTON ROSE FULBRIGHT US LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
| Brett C. Govett<br>NORTON ROSE FULBRIGHT US LLP<br>2200 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>Telephone: (214) 855-8118<br>brett.govett@nortonrosefulbright.com | */s/ Benjamin Hershkowitz*<br>Josh Krevitt<br>Benjamin Hershkowitz<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>jkrevitt@gibsondunn.com<br>bhershkowitz@gibsondunn.com |
| Daniel S. Leventhal<br>NORTON ROSE FULBRIGHT US LLP<br>Fulbright Tower<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>Telephone: (713) 651-8360<br>daniel.leventhal@nortonrosefulbright.com | Neema Jalali<br>Lead Attorney<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: (415) 393-8258<br>njalali@gibsondunn.com |
| | Eric T. Syu<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3800<br>esyu@gibsondunn.com |
| | Nathan R. Curtis (#24078390)<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201-6912<br>Telephone: (214) 698-3100<br>ncurtis@gibsondunn.com |
| | *Counsel for Defendant AT&T Mobility LLC* |
| **POTTER MINTON** | **ALSTON & BIRD LLP** |
| Michael E. Jones (TX Bar No. 10929400)<br>POTTER MINTON, a Professional<br>Corporation<br>110 North College Avenue, Suite 500 | */s/ Ross R. Barton*<br><br>Ross R. Barton (NC Bar No. 37179)<br>J. Ravindra Fernando (NC Bar No. 49199) |

| | |
|---|---|
| Tyler, TX 75702<br>Phone: 903-597-8311<br>Fax:    903-593-0846<br>Email: mikejones@potterminton.com | ALSTON & BIRD LLP<br>101 South Tryon Street, Suite 4000<br>Charlotte, North Carolina 28280<br>Phone: (704) 444-1000<br>Fax:    (704) 444-1111<br>Email: ross.barton@alston.com<br>Email: ravi.fernando@alston.com<br><br>Michael J. Newton (TX Bar No. 24003844)<br>Brady Cox (TX Bar No. 24074084)<br>ALSTON & BIRD LLP<br>2200 Ross Avenue, Suite 2300<br>Dallas, Texas 75201<br>Phone: (214) 922-3400<br>Fax:    (214) 922-3899<br>Email: mike.newton@alston.com<br>Email: brady.cox@alston.com<br><br>Darlena H. Subashi (NC Bar No. 53142)<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, New York 10016<br>Phone: (212) 210-1277<br>Fax:    (212) 210-9444<br>Email: darlena.subashi@alston.com<br>*Admitted to practice in Massachusetts and North Carolina only<br><br>*Counsel for Defendant Cellco Partnership d/b/a/ Verizon Wireless* |
| **SMITH WEBER LLP**<br><br>Robert W. Weber (Texas Bar No. 21044800)<br>SMITH WEBER LLP<br>5505 Plaza Drive<br>P.O. Box 6167<br>Texarkana, TX 75505<br>Telephone: 903.223.5656<br>Facsimile: 903.223.5652<br>bweber@smithweber.com | **MCGUIREWOODS LLP**<br><br>*/s/ Shaun W. Hassett*<br><br>Shaun W. Hassett (Texas Bar No. 24074372)<br>Lead Attorney<br>MCGUIREWOODS LLP<br>2000 McKinney Ave., Suite 1400<br>Dallas, TX 75201<br>Telephone: 214.932.6400<br>Facsimile: 214.932.6499<br>shassett@mcguirewoods.com<br><br>David E. Finkelson (pro hac vice)<br>MCGUIREWOODS LLP |

7

800 East Canal Street
Richmond, VA 23219
Telephone: 804.775.1374
Facsimile: 804.698.2264
dfinkelson@mcguirewoods.com

*Counsel for Sprint Communications Company, L.P., Sprint Spectrum L.P., Sprint Solutions, Inc., and Nextel Operations, Inc.*

**BAKER BOTTS L.L.P.**

*/s/ David Tobin*
Douglas M. Kubehl
Texas State Bar No. 00796909
E-mail: doug.kubehl@bakerbotts.com
Jeffery D. Baxter
Texas State Bar No. 24006816
E-mail: jeff.baxter@bakerbotts.com
David Tobin
Texas State Bar No. 24060735
E-mail: david.tobin@bakerbotts.com
Cason G. Cole
Texas State Bar No. 24109741
E-mail: cason.cole@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Sarah J. Guske
California State Bar No. 232467
E-mail: sarah.guske@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St.
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (214) 953-6503

Syed K. Fareed
Texas State Bar No. 24065216
E-mail: syed.fareed@bakerbotts.com
Valerie Barker
Texas State Bar No. 24087141
E-mail: valerie.barker@bakerbotts.com

8

Bailey Morgan Watkins
Texas State Bar No. 24102244
E-mail: bailey.watkins@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd #1500
Austin, TX 78701
Telephone: (512) 322-2500
Facsimile: (214) 953-6503

*Counsel for T-Mobile USA, Inc., and T-Mobile US, Inc.*

**FINDLAY CRAFT, P.C.**

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.**

*/s/ Dennis C. Bremer*
Philip P. Caspers
Timothy A. Lindquist
Dennis C. Bremer
Matthew J. Goggin
Iain A. McIntyre
Bradley W. Micsky
Caroline L. Marsili
CARLSON, CASPERS,
VANDENBURGH & LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota 55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
pcaspers@carlsoncaspers.com
tlindquist@carlsoncaspers.com
dbremer@carlsoncaspers.com
mgoggin@carlsoncaspers.com
imcintyre@carlsoncaspers.com
bmicsky@carlsoncaspers.com
cmarsili@carlsoncaspers.com

*Counsel for CommScope Technologies LLC*

**LAW OFFICE OF PETER J. AYERS, PLLC**

*/s/ Peter J. Ayers*
Peter J. Ayers
Texas Bar No. 24009882
2200 Bowman Avenue

9

Austin, Texas 78703
Telephone: (512) 771-3070
Facsimile: (512) 520-4459
peter@ayersiplaw.com

*Counsel for Intervenor-Defendant CellMax Technologies, AB*

**CERTIFICATE OF CONFERENCE**

I hereby certify that I met and conferred with counsel for Fractus on Friday, February 15, 2019, and counsel for Fractus indicated that they oppose striking the Second Long Declaration. I also certify that on a February 20, 2019 telephonic conference, counsel for Fractus stated that they would not oppose an expedited briefing schedule with Plaintiff's five-page Response due on March 1, 2019 (so long as this motion were filed on February 20, 2019, even if after 5:00 p.m.) and no reply or sur-reply.

*/s/ Neema Jalali*
Neema Jalali

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this February 20, 2019 with a copy of this document via electronic mail.

*/s/Ross R. Barton*
Ross R. Barton