**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FRACTUS, S.A., § § | | |
| Plaintiff, § § | **CIVIL ACTION NO. 2:18-CV-00135-JRG** **LEAD CASE** | |
| v. § § | | |
| AT&T MOBILITY LLC, § § | | |
| SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT SPECTRUM, L.P., SPRINT SOLUTIONS, INC., NEXTEL OPERATIONS, INC., § § § § § | **CIVIL ACTION NO. 2:18-CV-00136-JRG** **MEMBER CASE** | |
| T-MOBILE US, INC., T-MOBILE USA, INC., § § § § | **CIVIL ACTION NO. 2:18-CV-00137-JRG** **MEMBER CASE** | |
| VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, § § § § § | **CIVIL ACTION NO. 2:18-CV-00138-JRG** **MEMBER CASE** | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants and Intervenor-Defendants' (collectively, "Defendants") Motion to Strike Declaration of Dr. Stuart Long in Support of Plaintiff Fractus, S.A.'s Claim Constructions. (Dkt. No. 197.) Having considered Defendants' and Plaintiff's (the "Parties") positions and for the reasons that follow, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

**I. Background**

Patent Rule ("P.R.") 4-3 of the local rules of this Court was amended by General Order 18-10 to require that each party "simultaneously serve a disclosure of expert testimony … for any

expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position." P.R. 4-3(b). The rule requires that these disclosures of expert testimony be "consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) or 26(a)(2)(C)." *Id.*

The Parties exchanged P.R. 4-3 disclosures on January 14, 2019. (Dkt. No. 197 at 2.) Plaintiff's disclosure included a declaration from Dr. Stuart Long (the "First Long Declaration"). (*Id.*; *see also* Dkt. No. 132 at 3.) On February 13, 2019, Plaintiff attached a second declaration from Dr. Long (the "Second Long Declaration") to Plaintiff's opening claim construction brief. (Dkt. No. 197 at 2; *see* Dkt. Nos. 183-1–5.) Defendants argue that the Second Long Declaration contains "new opinions regarding indefiniteness and new exhibits in support of those opinions" not contained in the First Long Declaration. (Dkt. No. 197 at 1.) In particular, Defendants argue that the Second Long Declaration offers new opinions regarding the term "situated around," the term "impedance pattern," and what it means for radiation and impedance patterns to be "similar" or "substantially similar" in multiple frequency bands. (*Id.* at 2–3.) Defendants also argue that the Second Long Declaration relies on new, untimely evidence: U.S. Patent No. 8,941,541 (Dkt. No. 183-3); a 1998 paper by Iti Saha Misra and S. K. Chowdhury (Dkt. No. 183-4); and product documentation regarding an antenna from Radio Frequency Systems (Dkt. No. 183-5). (Dkt. No. 197 at 3.)

These opinions and evidence, Defendants argue, are outside the scope of the First Long Declaration included in Plaintiff's P.R. 4-3 disclosure and, therefore, are prohibited under P.R. 4-3(b). (*Id.*) In response, Plaintiff argues that the challenged portions of the Second Long Declaration are permissible explanations and elaborations on opinions properly disclosed in compliance with P.R. 4-3 and, therefore, should be allowed. (Dkt. No. 209 at 1.)

## II. Analysis

Patent Rule 4-3 was amended to clarify that the rule "requires a complete statement of all opinions the witness will express and the basis and reasons for them, as well as the facts or data considered by the witness in forming them." Gen. Order 18-10, Cmt. to P.R. 4. "Having made this disclosure, parties may then confidently and *flexibly* use expert witness testimony … to support later claim construction briefing or hearing presentations, provided the testimony is within the scope of the earlier disclosure." *Id.* (emphasis added).

P.R. 4-3 disclosures are intended to give notice to opposing parties of the expert opinions, and the grounds for those opinions, upon which the party intends to rely. The requirement that these disclosures be "consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) or 26(a)(2)(C)" means that these disclosures must contain "a complete statement of all the opinions the witness will express," "the basis and reasons for them," and "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)–(ii); Gen. Order 18-10, Cmt. to P.R. 4. It does not mean that these initial disclosures must be the last word from the experts on the opinions that they express. Rather, it is expected, if not inevitable, that the experts will continue to develop and refine their opinions, particularly as they have the opportunity to review and consider the opinions of opposing experts.

Later supplements may elaborate upon, but may not change, an expert's opinion that itself was sufficiently disclosed under P.R. 4-3. However, subsequent expert testimony may not introduce entirely new topics for the first time. New topics would most typically be any that are completely new, i.e., were not raised or disclosed to any degree in the prior P.R. 4-3 disclosures. A party should not be fairly surprised by opinions, grounds, or facts contained in subsequent expert testimony when viewed in light of the opinions, grounds, and facts disclosed by all experts in the initial P.R. 4-3 disclosures.

Turning to the "new opinions" about which Defendants complain, the Court finds that this testimony is not outside the scope of Dr. Long's initial declaration, but is a fair and unsurprising elaboration upon and response to the opinions disclosed in the Parties' P.R. 4-3 disclosures.

In the First Long Declaration, Dr. Long opines that the phrase "situated around" simply means that the frequency band "includes" the referenced frequency. (Dkt. No. 197-2 at ¶ 11.) Defendants' expert, Dr. Mohammod Ali, opines on the other hand that the phrase "situated around" is a term of "degree" and that "it is not possible to determine what would fall within the bounds of 'around' and what would not." (*See* Dkt. No. 211-9 at ¶ 50; *see also id.* ¶¶ 48–52.) The Second Long Declaration, merely makes explicit what is already implicit: that Dr. Long disagrees with Dr. Ali and believes the phrase "situated around" is not indeterminate but indicates that the frequency band must "include" the referenced frequency. (Dkt. No. 183-1 ¶¶ 9–10.) No reasonable party viewing Dr. Long and Dr. Ali's initial opinions would be surprised by this testimony. Accordingly, this testimony is not outside the scope of the P.R. 4-3 disclosures.

Similarly, Dr. Long's opinions about the phrase "impedance pattern" and the phrase "similar" or "substantially similar" are not outside the scope of the P.R. 4-3 disclosures. Dr. Long's testimony regarding these phrases is a predictable response to Dr. Ali's opinions that these phrases would not be understood by a person of ordinary skill in the art. (*See* Dkt. No. 211-9 at ¶¶ 31–35.) A party whose expert's opinions place a subject at issue cannot claim surprise or prejudice when an opposing expert responds to those opinions. Dr. Long properly clarified and defended his opinions in light of Dr. Ali's opinions. (Dkt. No. 183-1 ¶¶ 19–22.) Dr. Long did not change his opinions, which were completely disclosed in Plaintiff's P.R. 4-3 disclosure. (Dkt. No. 197-2 ¶¶ 17–19.)

The new evidence cited in the Second Long Declaration likewise does not violate P.R. 4-3. Where an expert expounds upon—but does not change—his or her opinions in response to challenges from opposing experts, it is appropriate for the expert to likewise include the "facts or data considered by the" expert in developing the expert's opinions. *See* FED. R. CIV. P. 26(a)(2)(B)(ii); Gen. Order 18-10, Cmt. to P.R. 4. Particularly where disclosure of such evidence occurs before the P.R. 4-4 claim construction discovery deadline, as is the case here, it is unlikely that a party could credibly claim prejudice. Defendants would, in effect, have Plaintiff's expert foresee their expert's rebuttal and address it in advance as part of Plaintiff's initial disclosures. Such is not a reasonable application of the rule.

However, the Court cautions that this analysis should not be interpreted as allowing a party to include only bare-bones expert opinions in its P.R. 4-3 disclosure. A party who fails to completely disclose the expert opinions upon which it intends to rely may well be precluded from later supplementing those opinions. Parties should not be required to meet and confer as required by P.R. 4-2 with full condor with anything less than full notice. Waiting to reveal an expert's opinions until the P.R. 4-3 disclosure should not be rewarded by precluding opposing experts from responding to those opinions. Rather, the purpose of Patent Rule 4 is to encourage open and candid discussions, from both sides, in order to streamline issues for claim construction.

Here, a comparison of the First and Second Long Declarations shows that Dr. Long eliminated portions of his testimony about claims no longer in dispute while clarifying areas where he and Dr. Ali disagree. (*See* Dkt. No. 197-3.) This type of narrowing and sharpening of disputed issues is precisely what the Court expects through the Patent Rule 4 process, indeed throughout the course of trial.

Plaintiff fully disclosed Dr. Long's opinions in its P.R. 4-3 disclosure. Those opinions have been expounded upon and refined, but not changed, in response to Dr. Ali's competing opinions. The Court finds no prejudice to Defendants, who proffered Dr. Ali's opinions, in allowing Dr. Long to testify about how his opinions compare to Dr. Ali's.

### III.  Conclusion

For the reasons discussed, Defendants' Motion to Strike Declaration of Dr. Stuart Long in Support of Plaintiff Fractus, S.A.'s Claim Constructions (Dkt. No. 197) is **DENIED**.

**So ORDERED and SIGNED this 19th day of March, 2019.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE