# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:18-CV-00135-JRG |
| | § | LEAD CASE |
| v. | § § | |
| AT&T MOBILITY LLC, | § § | |
| SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT SPECTRUM, L.P., SPRINT SOLUTIONS, INC., NEXTEL OPERATIONS, INC., | § § § § § | CIVIL ACTION NO. 2:18-CV-00136-JRG MEMBER CASE |
| T-MOBILE US, INC., T-MOBILE USA, INC., | § § § § | CIVIL ACTION NO. 2:18-CV-00137-JRG MEMBER CASE |
| VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, Defendants. | § § § § § § | CIVIL ACTION NO. 2:18-CV-00138-JRG MEMBER CASE |

## ORDER

Before the Court is Plaintiff's Motion to Enforce Order Focusing Patent Claims and Prior Art (the "Motion"). (Dkt. No. 228.) The Motion asks the Court to "compel[] Defendants to narrow their asserted prior art references from 62 to 12 per patent." (*Id.* at 1.) After Plaintiff filed the Motion, Defendants served on Plaintiff a Supplemental Election of Prior Art ("Supplemental Election") narrowing their prior art references to 12. (Dkt. No. 233-1.) In their response to the Motion, Defendants argued that this Supplemental Election rendered the Motion moot. (Dkt. No. 233, at 1.) Plaintiff disagreed. (Dkt. No. 253, at 107:2–15.) Therefore, the Court ordered an expedited reply and sur-reply to address "what issues, if any, remain in dispute." (Dkt. No. 242, at

2.) Having reviewed such briefing (Dkt. Nos. 248 & 250) and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

I.  **ANALYSIS**

In its reply brief, Plaintiff complains that Defendants' Supplemental Election improperly combines "(a) multiple instrumentalities or (b) combinations of unrelated patents and/or articles" into singular references. (Dkt. No. 248, at 1.) Defendants respond that they have properly complied with "the Court's Prior Art Order, which expressly permits groupings that describe a common instrumentality or that are the closely related work of common authors." (Dkt. No. 250, at 1.)

The Court's Order Focusing Patent Claims and Prior Art to Reduce Costs (the "Focusing Order") provides that "a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist." (Dkt. No. 158, at 2 n.3.) Despite Plaintiff's arguments to the contrary, the Court finds that each of the proposed combinations of prior art in Defendants' Supplemental Election properly describes a single instrumentality or the closely related work of a single prior artist. The following illustrate the Court's analysis.

A.  **Reference 8—Kathrein Antennas**

Defendants' Reference 8 combines as a single reference five separate antennas manufactured by a company called Kathrein and the documents describing the functionality thereof (the "Kathrein Antennas"). (Dkt. No. 233-1, at 3.) Plaintiff argues that "[t]he five antennas are different models" that cover different frequency ranges "and should each be counted as a different instrumentality." (Dkt. No. 248, at 1–2.) Defendants in turn argue that all the Kathrein Antennas "describe aspects of the same technology" because "the individual crossed dipoles across all models use the same principles and are near identical in design." (Dkt. No. 250, at 1–2 (quoting

*Iridescent Networks, Inc. v. AT&T Mobility, LLC*, No. 6:16-cv-1003-RWS, 2017 WL 8751908, at *2 (E.D. Tex. June 15, 2017) (Love, M.J.))).

To the extent, the Kathrein Antennas represent different iterations of a common technology, the Court finds that the referenced antennas embody "a single prior art instrumentality." *Iridescent*, 2017 WL 8751908, at *1. Defendants may rely on the Kathrein Antennas as multiple examples of a single instrumentality. However, Defendants are permitted to rely on this collected reference only to the extent the antennas share features common to all five antennas—that is, to the extent they embody a common instrumentality—and may not rely on any features that differ among the referenced antennas.

### B. References 1, 2, 6, and 10—Combinations of Patents, Applications, and Publication from a Single Prior Artist

Plaintiff also complains that References 1, 2, 6, and 10 improperly combine various patents, patent applications, and/or publications. (Dkt. No. 248, at 2–5.) Each proposed reference combines works from a single prior artist. (*See* Dkt. No. 233-1, at 2–3.) Plaintiff argues that these combinations are improper because the constituent works within each collected reference are not identical. (*See* Dkt. No. 248, at 3 ("both patents [of Reference 1] relate to base station antennas and microstrip arrays, but they are different inventions"); *id.* at 4 (the works of Reference 2 "are similar but are subject to separate analyses regarding their prior art status"); *id.* (while the works of Reference 6 "appear to relate to the same technology, [they] are different types of prior art); *id.* at 5 (the "three [works of Reference 10] describe different antennas").)

However, under the Focusing Order, the analysis is not whether the works of a single prior artist are identical. Instead, the proper analysis is whether the works are "closely related." (Dkt. No. 158, at 2 n.3.) As to each of these references, the Court finds that they are closely related. Each collection of works references a common technology even if the descriptions of that technology

are not identical. Moreover, whether the works of a single prior artist come in differing forms of prior art has no bearing on whether they are "closely related." Defendants may rely on the closely related works collected in References 1, 2, 6, and 10. Again, however, Defendants may only rely on features common to all the constituent works in the collected reference; they may not rely on features that are described in some works of the prior artist but not others.

### C.  Defendants must specify the single invention identified by each reference.

While Defendants may rely on multiple embodiments of a single instrumentality and on the closely related works of a single prior artist as a single collected reference, reliance on such a collected reference may not be used to expand the scope of the reference beyond the scope of a single prior art reference contained therein. As discussed above, Defendants may rely on features common to all the constituent works of a collected reference. Alternatively, Defendants may identify a single constituent work that describes the features that purportedly invalidate the asserted patents and rely on the remaining works in the collected reference as supporting material. However, Defendants may not improperly expand the scope of a prior art reference by picking and choosing different features of different constituent works within the collection.[1]

Accordingly, although Plaintiff's Motion is **DENIED**, it is **ORDERED** that "Defendants shall update their contentions to specifically identify the solution alleged to invalidate by including specific descriptions of the solution itself." *Iridescent Networks*, 2017 WL 8751908, at *2. Defendants are granted leave to make such an identification and/or to otherwise amend their prior

---

[1] In *Iridescent Networks*, upon which Defendants rely, AT&T Mobility argued that a collection of documents from a working group *combined* to form a single invention and thus a single prior art instrumentality. 2017 WL 8751908, at *1–2. No such argument is made here. Where each referenced work describes a stand-alone solution, the works may not be combined to expand the scope of that solution beyond what was contemplated by a single work. If Defendants wish to argue that a combination of works renders a patent obvious, those works should be identified as separate references.

art elections in light of the guidance provided herein. Such amendment shall be served on Plaintiff, and a notice of compliance thereof shall be filed, within two weeks of the issuance of this Order.

## II.   CONCLUSION

For the reasons stated herein, the Court finds that Defendants have properly narrowed their prior art references as required by the Court's Focusing Order. Accordingly, Plaintiff's Motion is **DENIED**.

**So ORDERED and SIGNED this 15th day of April, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE