**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FRACTUS, S.A.,<br><br>              Plaintiff,<br><br>v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC,<br><br>              Defendant, | Case No. 2:18-cv-00135-JRG<br>LEAD CASE |
| T-MOBILE US, INC., ET AL.,<br><br>              Defendants, | Case No. 2:18-cv-00137-JRG |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>              Defendant, | Case No. 2:18-cv-00138-JRG |
| COMMSCOPE TECHNOLOGIES LLC and CELLMAX TECHNOLOGIES AB,<br><br>              Intervenor-Defendants. | |

**PLAINTIFF FRACTUS S.A.'S RESPONSE TO DEFENDANTS'**
**MOTION TO COMPEL SUPPLEMENTATION OF FRACTUS'S PRIVLEGE LOG**

## I.     INTRODUCTION

On February 11, 2019, Plaintiff Fractus, S.A. ("Fractus") served its privilege log describing the basis of Fractus's privilege assertion for over 2,000 documents.  Pursuant to the Federal Rules, Fractus's privilege log describes the documents without revealing any information that is itself privileged or protected in order to allow Defendants to assess its claims of privilege.  Contrary to Defendants' arguments, the log which identifies the nature of the privilege being asserted, the author of the document, and describes the content of the document in particular the role of counsel in its creation, are sufficient for Defendants to assess Fractus's claims.

Defendants' objections to the log are not supported by the case law on which they rely in their motion.  First and foremost, Fractus has not improperly withheld documents from production. Where Defendants claim that the log includes "routine business documents" those documents in fact reflect confidential attorney-client communications regarding Fractus's business operations. Legal advice regarding business is nevertheless legal advice.  Similarly, Fractus is not improperly withholding documents communicated to unrelated third parties; these are documents created by, for example, litigation consultants retained by Fractus and its counsel to assist with its pre-suit investigation.  Second, Fractus's descriptions are not "boilerplate" such that they fail to convey the necessary information.  Across 2,000 documents it is inevitable that there will be repetition, but this does not make any given description less informative.

Fractus has discussed this motion with Defendants and while Fractus strongly disagrees that the privilege log was deficient as served, Fractus has nevertheless begun a top-to-bottom review of the documents in the log and to the extent there is any ambiguity in its descriptions these will be updated to alleviate Defendants' concerns.  Fractus will serve this supplemental log no

2

later than May 3, 2019.  The aim is to reach agreement with Defendants such that this motion is mooted and the burden on this Court is reduced.

## II.    ARGUMENT

### A.    Privilege Log of Documents Protected by Attorney-Client Privilege Does Not Necessarily Require Senders and Recipients

Attorney-client privilege applies to a confidential communication between a lawyer and a client connected with the provision of legal advice.  This privilege applies both to the transmittal of that communication, and to the substance.  *See Clanton v. U.S.*, 488 F.2d 1069 (5th Cir. 1974) (holding that the attorney-client privilege specifically protects the substance of confidential communications).  For transmittal documents a sender and recipient are naturally included. However, when documents contain the substance of a communication but are not themselves transmittals then there is no "sender" or "recipient" per se.  Defendants incorrectly argue that a documents without a sender and recipient is not properly logged, and potentially not privileged. *See, e.g.*, *Southeastern Pennsylvania Transport Authority v. Caremarkpcs Health, L.P.*, 254 F.R.D. 253, 258-59 (E.D. Pa. 2008) ("A document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds.").  No ESI has been produced by any party in any case.  For this reason, Fractus's log does not list a sender and recipient but instead provides the author and a description of the document that makes clear that the document contains confidential attorney-client communications.

Supplementation of the privilege log to add senders and recipients is not necessary and would in fact be inaccurate in many instances.  However, in order to alleviate any concerns that Defendants may have Fractus will provide a supplemental log identifying where possible, the sender and recipient name, or identify the counsel involved in the communication.

**B.**   **Fractus's Descriptions Are Sufficient to Enable Defendants to Assess Fractus's Assertions of Privilege**

Federal Rule of Civil Procedure 26(b)(5)(A) requires a party to "describe the nature of the documents, communications or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."   Courts have similarly held that the proper standard for assessing the descriptions of documents contained in a privilege log is whether the description "sufficiently permit[s] a receiving party to challenge the assertion of privilege."   *See SmartPhone Techs. LLC v. Apple, Inc.*, No. 6:10CV74 LED-JDL, 2013 WL 789285, at *3 (E.D. Tex. Mar. 1, 2013).   A privilege log must balance the obligation to describe the documents in sufficient detail, with the obligation to protect the privileged content of those documents.   The descriptions in Fractus's log achieve that balance and provide Defendants with the information needed to assess privilege.   Each of the documents is identified by date, author, custodian, the type of privilege being asserted, and a description that explains the role of counsel in the communication and/or work product.

Defendants argue that Fractus's descriptions are "boilerplate" and therefore deficient.   This is factually incorrect and relies on a misreading of *Smartphone Techs. LLC*. Given the volume of documents contained in Fractus's privilege log and the high-level nature of the description which is required to preserve privilege, it naturally contains duplicative descriptions.   However, this does not prevent Defendants from assessing the claim of privilege.   These are not the types of descriptions that were rejected in *Smartphone Techs.*   In fact, the concerns expressed by the Court in *Smartphone Techs.* regarding "boilerplate language" were very limited.   The only "boilerplate" description found to be deficient in *Smartphone Techs.* was "discussions re: anticipated litigation." *See id.*   Importantly, this description was associated with an assertion of common interest privilege without identifying the parties to the discussion.   By contrast, all documents in Fractus's log

4

referencing anticipated litigation for which attorney-client privilege is asserted are clearly described as documents having been "created by counsel," "collected at the direction of counsel," and "prepared for counsel." Moreover, Defendants are well aware of the small number of litigations to which Fractus has been a party in the past and have requested materials from those litigations. Similarly, where attorney-client privilege is asserted, the descriptions of the documents indicate that the communications were with counsel. With this information and the descriptions provided in the privilege log, Defendants possess the requisite knowledge needed to assess privilege with respect to Fractus's claims of work product doctrine. As with each of these objections, Fractus is undertaking a thorough review of its privilege log and will add detail to its descriptions where appropriate to clarify the assertion of privilege for Defendants.

### C.   Communications with Expert Agents Retained for Litigation Purposes Are Entitled to Attorney-Client Privilege and/or Work Product Doctrine

It is well settled that communications with agents retained by either the client or the attorney "in furtherance of the rendition of legal services" remain protected under the attorney-client privilege. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) (citing Weinstein's Federal Rules of Evidence §503.15[1] at 503-507 ("A [lawyer-client] communication is confidential when the circumstances indicate that it was not intended to be disclosed to third persons other than (1) those to whom disclosure is in furtherance of the rendition of legal services to the client, or (2) those reasonably necessary for the transmission of the communication."). Defendants' argument that Fractus is improperly withholding documents disclosed to or by third parties is incorrect because the third parties being referenced in these descriptions are consultants retained to assist with the analysis and preparation of potential litigation claims (e.g., ABI Research).

A third party does not break privilege when that third party was acting in an interpretive function for the attorney or the client.  Specifically, privilege remains unbroken when the third party is retained for the purpose of rendering expert advice to assist the parties in developing legal opinions or conclusions.  For example, in *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207 (S.D.N.Y. 2000), attorneys communicated with bankers to assist in drafting documents disclosing material information to a potential purchaser.  The court reasoned that because the law firm would benefit from an investment banker's business advice, the third party was serving an interpretive function and did not break privilege.  *See id.*  As retained agents of Fractus and Fractus's counsel prior to and during litigation, communications with the third parties listed in the log, as well as the documents prepared by them, are entitled to privilege and protection.  *See Nguyen*, 197 F.3d at 207 (5th Cir. 1999); *United States v. Kovel*, 296 F.2d 918 (2d. Cir. 1961) (holding that an attorney's communications with an accountant were privileged).

To the extent there is any ambiguity in the log descriptions Fractus will endeavor to clarify those descriptions in the supplemental log to be served next week.  Indeed, pursuant to Defendants' initial correspondence regarding the privilege log Fractus re-reviewed the documents described as involving third parties and in an abundance of caution removed approximately 250 documents from the log and produced them.

### D. Documents Collected at the Advice of Counsel Are Entitled to Protection under Attorney-Client Privilege and/or Work Product Doctrine.

To the extent that documents collected on the advice of counsel reveal confidential communications with an attorney or retained consultant then these documents are protected by attorney-client and/or work product protection.  *See, e.g.*, *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207 (S.D.N.Y. 2000); *S.E.C. v. Brady*, 238 F.R.D. 429, 438 (N.D. Tex.

2006); *EON Corp. IP Holdings v. Verizon Clinton Center Drive Corp*., 763 F. Supp. 2d 1051 (E.D. Tex. 2010) (finding that documents collected pursuant to a pre-suit investigation were protected under F.R.C.P. 26 and disclosure was not required even after documents had been improperly logged).    In the event that any publicly available documents collected by Fractus were inadvertently logged as privileged these will be removed from the log as part of Fractus's review and produced immediately.

### E.    Fractus Has Not Claimed Privilege Over "Routine Business Documents"

The documents logged by Fractus relating to, for example, antenna market research, antenna operations, and antenna sales, are entitled to protection under the work product doctrine because these documents were created by Fractus and its consultants "to aid in possible future litigation." *In Re Kaiser Aluminum and Chemical Co*., 214 F.3d 586, 593 (5th Cir. 2000).  These are not routine business documents as Defendants assert.  Rather they are documents concerning litigation strategy in the area of antennas, i.e. the present litigation.  Similarly, logged documents which are protected under the attorney-client privilege reflect and incorporate attorney-client communications regarding Fractus's business operations.  They too are properly withheld as privileged.  *See Equal Employment Opportunity Comm'n v. BDO USA, L.L.P*., 876 F.3d 690, 695 (5th Cir. 2017).

## III.    CONCLUSION

For the above stated reasons, Defendants' arguments that Fractus's privilege log is insufficient and that Fractus is improperly withholding privileged documents are incorrect. Nevertheless, in an abundance of caution and to reduce the parties' motion practice, Fractus is currently undertaking a complete review of its log in an effort to address Defendants' concerns. Fractus's supplemental privilege log will be served on Defendants no later than May 3, 2019.

Dated: April 26, 2019                    Respectfully submitted,

                                         */s/ Michael Ng*
                                         Michael Ng
                                         California State Bar No. 237915 (Lead
                                         Attorney)
                                         Daniel A. Zaheer
                                         California State Bar No. 237118
                                         Michael M. Rosen
                                         California State Bar No. 230964
                                         Luke J. Burton
                                         California State Bar No. 301247
                                         michael.ng@kobrekim.com
                                         daniel.zaheer@kobrekim.com
                                         michael.rosen@kobrekim.com
                                         luke.burton@kobrekim.com
                                         **KOBRE & KIM LLP**
                                         150 California Street, 19th Floor
                                         San Francisco, CA 94111
                                         Telephone: 415-582-4800
                                         Facsimile: 415-582-4811

                                         Hugham Chan
                                         Washington DC Bar No. 1011058
                                         **KOBRE & KIM LLP**
                                         1919 M Street, NW
                                         Washington, DC 20036
                                         Telephone: 202-664-1956
                                         Facsimile: 202-510-2993
                                         E-mail:hugham.chan@kobrekim.com

                                         George Stamatopoulos
                                         New York State Bar No. 5163340
                                         Benjamin J.A. Sauter
                                         New York State Bar No. 4691515
                                         george.stamatopoulos@kobrekim.com
                                         benjamin.sauter@kobrekim.com
                                         **KOBRE & KIM LLP**
                                         800 Third Avenue
                                         New York, NY 10022
                                         Telephone: 646-658-4972
                                         Facsimile: 212-488-1220

                                         Adriana Riviere-Badell

8

Florida State Bar No. 30572
Gabriela Ruiz
Florida State Bar No. 46844
Joshua Kushner
Florida State Bar No. 93597
adriana.riviere-badell@kobrekim.com
gabriela.ruiz@kobrekim.com
Joshua.kushner@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

T. John Ward Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea L. Fair
Texas State Bar No. 24078488
jw@jwfirm.com
claire@wsfirm.com
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, TX 75606
Telephone: 903-757-6400
Facsimile: 903-757-2323

*Attorneys for Plaintiff*
*Fractus, S.A.*