**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FRACTUS, S.A., | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO.  2:18-CV-00135-JRG** |
| | § | **LEAD CASE** |
| v. | § | |
| | § | |
| AT&T MOBILITY LLC, | § | |
| | § | |
| T-MOBILE US, INC., T-MOBILE USA, | § | **CIVIL ACTION NO.  2:18-CV-00137-JRG** |
| INC., | § | **MEMBER CASE** |
| | § | |
| | § | |
| VERIZON   COMMUNICATIONS   INC., | § | **CIVIL ACTION NO.  2:18-CV-00138-JRG** |
| CELLCO PARTNERSHIP D/B/A VERIZON | § | **MEMBER CASE** |
| WIRELESS, | § | |
| | § | |
| Defendants. | § | |

**ORDER MEMORIALIZING
RULINGS FROM MAY 14, 2019 HEARING**

Before the Court is Defendants' and Intervenor–Defendants' Motion to Compel  Supplementation of Fractus's Privilege Log (the "263 Motion") (Dkt. No. 263) and Motion to Compel Production of Documents (the "270 Motion") (Dkt. No. 270). Pursuant to the Court's Discovery Order (Dkt. No. 73), the parties met and conferred regarding these Motions and filed a Joint Notice (Dkt. No. 301) narrowing their disputes to the following issues:

1) As to the 263 Motion, whether Fractus must produce documents on its privilege log for which Ron Epstein is designated as the "involved attorney" (the "Epstein Documents"); and

2) As to the 270 Motion, whether production of redacted Samsung and ZTE damages reports moots Defendants' motion to produce those reports.

The Court heard argument on these issues on May 14, 2019. This Order summarizes and memorializes the Court's rulings as announced into the record during the course of that hearing. This Order does not limit the rulings as announced in any way.

Fractus filed an *ex parte* declaration of Marta Barba in support of its assertions of privilege over the Epstein Documents, a redacted version of which was served on Defendants (the "Barba Declaration"). (Dkt. No. 307.) The Barba Declaration organized the Epstein Documents into several descriptive categories. (*Id.* ¶ 31(a)–(k).) The Court ruled on these categories as follows:

As to paragraph (a), the Court sustained the assertion of privilege.

As to paragraph (b), the Court sustained the assertion of privilege.

As to paragraph (c), the Court ordered the documents produced with targeted redactions of privileged information.

As to paragraph (d), the Court sustained the assertion of privilege.

As to paragraph (e), the Court ordered the documents produced with targeted redactions of privileged information.

As to paragraph (f), the Court ordered Document 940158 produced at the agreement of Fractus and Document 988222 produced with targeted redactions of privileged information. The Court sustained the assertion of privilege as to the remaining documents.

As to paragraph (g), the Court ordered the documents produced. The Court found that the common legal interest privilege did not apply because there was no anticipation that the parties would be co-parties to litigation.

As to paragraph (h), the Court ordered the documents produced with targeted redactions of privileged information.

2

As to paragraph (i), the Court ordered Document 1104571 to be produced and Document 652889 to be produced with targeted redactions of privileged information. The Court sustained the assertion of privilege as to pages 2, 3, and 4 of Document 326810 but ordered the remainder of the document to be produced.

As to paragraph (j), the Court sustained the assertion of privilege.

As to paragraph (k), the Court ordered Document 339422 to be produced. The Court sustained the assertion of privilege as to the remaining documents.

To the extent any Epstein Documents was not specifically identified in any category of the Barba Declaration, the parties should consider the Court's ruling as to these categories as representative of its ruling as to any remaining documents.

Accordingly, the 263 Motion (Dkt. No. 263) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth above. The Court **ORDERED** the parties to meet and confer on a date by which Fractus would produce the documents that the Court ordered produced.

The Court also **GRANTED-IN-PART** the 270 Motion (Dkt. No. 270) and **ORDERED** that Fractus shall produce the Samsung and ZTE damages reports with redactions of third-party confidential information only. Fractus' own confidential information may not be redacted but may be produced subject to the appropriate confidentiality designations under the Court's Protective Order. (Dkt. No. 75.)

To the extent the Joint Notice (Dkt. No. 301) narrowed the disputes among the parties, the Court **DENIES AS WITHDRAWN** the remainder of the 263 Motion and 270 Motion.

3

**So Ordered this**

**May 14, 2019**


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE