**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FRACTUS, S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, | § § § § § § § | **CIVIL ACTION NO. 2:18-CV-00135-JRG**<br>**LEAD CASE**<br>**JURY TRIAL DEMANDED** |
| T-MOBILE US, INC., T-MOBILE USA, INC., | § § § § | CIVIL ACTION NO. 2:18-CV-00137-JRG<br>MEMBER CASE |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    Defendants. | § § § § § § | CIVIL ACTION NO. 2:18-CV-00138-JRG<br>MEMBER CASE |
| COMMSCOPE TECHNOLOGIES LLC<br>CELLMAX TECHNOLOGIES AB<br><br>    Intervenor Defendant. | § § § | |

## MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES

## TABLE OF CONTENTS

Contents

I.      INTRODUCTION ....................................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

III.    STATEMENT OF UNDISPUTED FACTS ...................................................... 1

  A.   Fractus Failed to Require its Licensee ██████ to Mark.............................. 2

  B.   Fractus Also Failed to Require its Licensee and Development Partner █████ to Mark . 4

  C.   Fractus Did Not Provide any Defendant Actual Notice of Alleged Infringement Before
  Filing its Complaints.................................................................................................. 5

IV.    LEGAL STANDARD.................................................................................................. 5

V.     ARGUMENT............................................................................................................. 6

  A.   Fractus Cannot Demonstrate Compliance With § 287(a) ................................. 6

    1.    Fractus Failed To Require Licensee ██████ To Mark Its Allegedly Practicing
    Products........................................................................................................................ 7

    2.    Fractus Failed To Mark Its Own Allegedly Practicing Products Manufactured And
    Sold By Licensee ██████ ................................................................................... 8

    3.    ████████████████████████████████ ....................................... 9

    4.    Fractus Did Not Provide Defendants Actual Notice Prior To Filing Suit ..................... 9

  B.   Fractus's Failure To Mark Or To Give Actual Notice Bars All Pre-Suit Damages ........ 10

VI.    CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Acantha LLC v. Depuy Orthopedics Inc.*,
2018 WL 2290715, Case No. 15-c-1257 (E.D. Wis. May 19, 2018) ......................................8

*Adrea, LLC v. Barnes & Noble, Inc.*,
No. 13-CV-4137 JSR, 2015 WL 4610465 (S.D.N.Y. July 24, 2015)....................................11

*American Medical Sys. v. Medical Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)..........................................................................................7, 8, 10, 12

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994)....................................................................................6, 9, 10, 11, 12

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)........................................................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Products, Inc.*,
876 F.3d 1350 (Fed. Cir. 2017).........................................................................................6, 11, 12

*Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*,
754 F.3d 272 (5th Cir. 2014) .........................................................................................................6

*Caminetti v. U.S.*,
242 U.S. 470 (1917)......................................................................................................................11

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)...................................................................................................................5, 6

*Crawford v. Formosa Plastics Corp., La.*,
234 F.3d 899 (5th Cir. 2000) .........................................................................................................5

*Geiserman v. MacDonald*,
893 F.2d 787 (5th Cir. 1990) .........................................................................................................6

*In re OptumInsight, Inc.*,
No. 2017-116, 2017 WL 3096300 (Fed. Cir. July 20, 2017)......................................................8

*Mass. Inst. of Tech. v. Abacus Software, Inc.*,
No. CIV A 501-CV344, 2004 WL 5268125 (E.D. Tex. Sept. 29, 2004) ...................................9

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996).................................................................................................6, 8, 9

*Robinson v. Shell Oil Co.*,
    519 U.S. 337 (1997) ...................................................................................................11

*Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.*,
    531 F. Supp. 2d 1084 (N.D. Cal. 2007) ...................................................................10

*WiAV Solutions LLC v. Motorola, Inc.*,
    732 F. Supp. 2d 634 (E.D. Va. 2010) ......................................................................11

*ZitoVault, LLC v. International Business Machines Corp.*,
    Case No. 16-cv-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) ...............10

STATUTES

35 U.S.C. § 287 .............................................................................................1, 3, 4, 6, 7, 10, 11

35 U.S.C. § 287(a) ................................................................................................1, 6, 7, 9, 10, 11

35 U.S.C. § 287(b)(5)(A) ............................................................................................................9

OTHER AUTHORITIES

Fed. R. Civ. P. 56(c) ....................................................................................................................5

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1. | Plaintiff Fractus, S.A.'s Objections and Responses to Defendant AT&T Mobility LLC's First Set of Requests for Admission (Nos. 1-35) (Apr. 15, 2019) |
| 2. | Extreme Tech, *A rare look inside an LTE cell site, operated by Sprint in San Francisco* (June 12, 2013) *available at* https://www.extremetech.com/extreme/158342-a-rare-look-inside-an-lte-cell-site-operated-by-sprint-in-san-francisco |
| 3. | Deposition Transcript of Carmen Borja (Apr. 11, 2019) |
| 4. | INTENTIONALLY LEFT BLANK |
| 5. | Deposition Transcript of Keith Belcher (Apr. 15, 2019) |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |
| ■ | ████████████████ |

| Exhibit | Description |
|---|---|
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| ■ | ████████████████████████████████ |
| **30.** | Invoice from ████ to Sprint produced as SCFRCTS06004519 |
| **31.** | Invoice from ████ to Sprint produced as SCFRCTS06004520 |
| **32.** | Invoice from ████ to Sprint produced as SCFRCTS06004521 |
| **33.** | Invoice from ████ to Sprint produced as SCFRCTS06004522 |
| **34.** | Invoice from ████ to Sprint produced as SCFRCTS06004523 |
| **35.** | Invoice from ████ to Sprint produced as SCFRCTS06004524 |
| **36.** | Invoice from ████ to Sprint produced as SCFRCTS06004525 |
| **37.** | Invoice from ████ to Sprint produced as SCFRCTS06004526 |
| **38.** | Invoice from ████ to Sprint produced as SCFRCTS06004527 |

| Exhibit | Description |
|---------|-------------|
| 39. | Invoice from ████ to Sprint produced as SCFRCTS06004528 |
| 40. | Invoice from ████ to Sprint produced as SCFRCTS06004529 |
| 41. | Invoice from ████ to Sprint produced as SCFRCTS06004530 |
| 42. | Exhibit 2 from the deposition of Keith Belcher (Apr. 15, 2019) |
| 43. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for CellMax CMA-BTLBHH/6516/20/20/A15/RET" |
| 44. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for DHHTT65B-3XR" |
| 45. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for KMW ET-X-TU-45-15-37-18-IR-RA" |
| 46. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for KMW ET-X-TU-42-15-37-18-IR-SP" |
| 47. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for Powerwave P90-15-XLPP-RR" |
| 48. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for RFS APXV9ERR18-C-A20" |
| 49. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for RFS APXVFRR12X-C-I20" |
| 50. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for RFS AQPXVRR13-C-A20" |
| 51. | Plaintiff's claim chart titled "Interlaced Patent Family Claim Charts for CommScope HBXX-9014DS-A2M" |
| 52. | Plaintiff Fractus, S.A.'s Second Amended Responses and Objections to Defendants' First Set of Common Interrogatories (Amending Only Response to Interrogatory No. 2) (May 23, 2019) |
| 53. | Deposition Transcript of Jordi Ilario (Apr. 8, 2019) |
| 54. | Deposition Transcript of Ruben Bonet (Apr. 9–10, 2019) |
| 55. | Plaintiff Fractus, S.A.'s Second Amended Objections and Responses to Defendants' Third Set of Common Interrogatories (Amending Only Response to Interrogatory No. 12) (May 23, 2019) |
| 56. | Plaintiff Fractus, S.A.'s Objections and Responses to Defendant Cellco Partnership D/B/A Verizon Wireless's First Set of Requests for Admission (Nos. 1-35) (Apr. 15, 2019) |
| 57. | Plaintiff Fractus, S.A.'s Objections and Responses to Intervenor-Defendant CommScope Technologies LLC's First Set of Requests for Admission (Nos. 1-35) (Apr. 15, 2019) |
| 58. | Plaintiff Fractus, S.A.'s Objections and Responses to Defendant T-Mobile USA, Inc. et al.'s First Set of Requests for Admission (Nos. 1-35) (Apr. 15, 2019) |

## I.      INTRODUCTION

As a matter of law, Fractus, S.A. ("Fractus") cannot recover pre-suit damages, because it failed to comply with the marking and actual notice requirements of 35 U.S.C. § 287(a). ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████ Fractus also has admitted ███████████████████████████████████

████████████████████████████████████████. Thus, no facts exist that would allow Fractus to collect pre-suit damages.  Accordingly, this Court should enter summary judgment of no pre-suit damages.

## II.     STATEMENT OF ISSUES TO BE DECIDED

Whether Fractus is precluded from recovering pre-suit damages under 35 U.S.C. § 287, where Fractus has no evidence that it provided actual notice of the alleged infringement or that it complied with its marking obligations before filing these cases.

## III.    STATEMENT OF UNDISPUTED FACTS

1. Although Fractus originally asserted ten patents in this case, Fractus since has dropped half of those patents, leaving the following five Asserted Patents:   U.S. Patent Nos. 6,937,191, 7,250,918, 7,557,768, 7,932,870, 8,228,256 (collectively, "the Asserted Patents.").

2. Each asserted claim of each Asserted Patent is an apparatus claim.  Exh. 1 at Admission No. 1.

3. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[1] "Defendants" are T-Mobile USA, Inc., T-Mobile U.S. (collectively, "T-Mobile"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), CommScope Technologies, LLC ("CommScope"), and Cellmax Technologies AB ("Cellmax").



**A.** **Fractus Failed to Require its Licensee ▮▮▮ to Mark**

██████████████████████████████████████

████████████████████████████

████████████████████████████████████████

██████████████████████████████

    **B.**       **Fractus Also Failed to Require its Licensee and Development Partner ███**
            **to Mark**

██    ████████████████████████████████

████████████████████████████████████████

██

██    ████████████████████████████████

████████████

██    ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

██    ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

██    ████████████████████████████████



### C. Fractus Did Not Provide any Defendant Actual Notice of Alleged Infringement Before Filing its Complaints

25. Fractus's Vice President of Licensing and Rule 30(b)(6) witness regarding Fractus's litigation activities admitted that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

26. Fractus's responses to Defendants' requests for admission confirm that Fractus did not provide actual notice of the alleged infringement prior to filing suit.  Exh. 53 at 80:3-81:10, Exh. 56.

## IV.   LEGAL STANDARD

Summary judgment must be granted when there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Once the moving party identifies those portions of the record that demonstrate the absence of a genuine issue of material fact, the non-moving party bears the burden of coming forward with evidence sufficient for "a reasonable jury [to] return a verdict for the non-moving party.'"  *Crawford v. Formosa Plastics Corp., La.,* 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).   Summary judgment "is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 322).

Patentees making, offering for sale, selling, or importing any "patented article" in the U.S., and any others doing so under patentees (e.g., licensees), may mark the article with the patent number to provide constructive notice of infringement.   35 U.S.C. § 287; *Arctic Cat Inc. v. Bombardier Recreational Products, Inc.*, 876 F.3d 1350, 1365-67 (Fed. Cir. 2017).   Absent such marking, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."   35 U.S.C. § 287; *Arctic Cat*, 876 F.3d at 1365-66.   Actual notice under § 287 requires that Fractus affirmatively communicate a specific charge of "the infringement," not merely notice of the patent's existence or ownership.   *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).   If the patentee fails to prove that it provided actual or constructive notice before filing suit, then the patentee cannot pursue damages for any period before the filing of the complaint. 35 U.S.C. § 287; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (explaining that plaintiff-patentee bears the burden of proving compliance with marking statute); *Arctic Cat*, 876 F.3d at 1366-67 (holding that the duty of alleging and the burden of proving marking and actual notice is on the plaintiff).

V.   **ARGUMENT**

    A.   **Fractus Cannot Demonstrate Compliance With § 287(a)**

Fractus asserts claims from five patents.  *See* Statement of Undisputed Facts ("SUF"), ¶ 1.

Every asserted claim in each case is an apparatus claim.  SUF, ¶ 2.  As explained below, ███

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████.  Fractus also

failed to provide any Defendant actual notice of infringement prior to filing this lawsuit.  As a

matter of law, therefore, Fractus cannot recover pre-suit damages.  *See, e.g., American Medical*

*Sys. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) ("[W]e construe section 287(a)

to preclude recovery of damages only for infringement for any time prior to compliance with the

marking or actual notice requirements of the statute."); 35 U.S.C. § 287.

### 1.  Fractus Failed To Require Licensee ████ To Mark Its Allegedly Practicing Products

The facts regarding licensee ████ sales of allegedly practicing products are

undisputed.  ████ and Fractus executed a settlement and license agreement on ████████.

SUF, ¶ 5.  The license agreement ████████████████████████████████████

████████████████████  Over a period extending both before and since Fractus and

████ executed the license agreement, ███████████████████████████████

████  Since the ████ License was executed, ████████████████████████████

██████████████.  Fractus itself contends that the antennas sold by ████ practice

the Asserted Patents and provided contention charts for each of the ████████████████

████.  SUF, ¶¶ 11-12.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ Failure to require an actively selling

licensee to mark its practicing ████████████████████████████████████—does

not constitute "substantially consistent and continuous marking" or "reasonable efforts to ensure

[licensees'] compliance with the marking requirements." *Maxwell*, 86 F.3d at 1111-12; *AMS*, 6

F.3d at 1537; *Acantha LLC v. Depuy Orthopedics Inc.*, 2018 WL 2290715, at *7, Case No. 15-c-

1257 (E.D. Wis. May 19, 2018) ("no reasonable juror could conclude that Acantha substantially

complied with the statute when only five to seven percent of the licensed product was marked").

No court has found that a complete failure of a licensee to mark is acceptable to provide

constructive notice.

   While Fractus claims that it conducted an investigation of ██████ products in 2014

(Dkt. No. 298 at 12), it has claimed privilege over the details of that investigation and has not

identified any court that has found that a cursory investigation that wholly missed public evidence

of sales activity before entering into a license is sufficient to demonstrate "reasonable efforts."

Dkt. No. 298 at 12; SUF, ¶¶ 17-18; *see Maxwell*, 86 F.3d at 1111-12.  Further, there is no authority

supporting a finding that an investigation that only took place at the time a license was signed was

sufficient to constitute reasonable efforts over the *entire* time period that a licensee was selling

unmarked patent-practicing products.[3]

## 2.   Fractus Failed To Mark Its Own Allegedly Practicing Products Manufactured And Sold By Licensee ██████

---

[3] Fractus also has asserted privilege over the alleged investigation. SUF, ¶ 17. But "attorney-client privilege cannot be used as both a sword and a shield." *In re OptumInsight, Inc.*, No. 2017-116, 2017 WL 3096300, at *3 (Fed. Cir. July 20, 2017).  Thus, Fractus should not be permitted to selectively rely on parts of that alleged investigation to raise a factual dispute.

Fractus's marking failures also predate the ███████ license.  Fractus has identified products that it developed with its licensee ███████ as practicing the Asserted Patents.  *See* Section III.B, above; *see also* SUF, ¶ ¶ 19-22.  Fractus's Rule 30(b)(6) witnesses testified ███████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████ Thus, Fractus also cannot demonstrate that it met the marking requirements for the allegedly practicing Fractus-███████ products.

3.   ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████. The unrebutted evidence demonstrates that ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████ confirms that Fractus never made "reasonable efforts to ensure compliance with the marking requirements."  *Maxwell*, 86 F.3d at 1111-12.

### 4.   Fractus Did Not Provide Defendants Actual Notice Prior To Filing Suit

As an alternative to the marking provision, actual notice requires a "specific charge of infringement by a specific accused product or device."   *Amsted*, 24 F.3d at 187; *see* 35 U.S.C. § 287(b)(5)(A) (explaining that notice of infringement requires actual knowledge or receipt of

"information sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States"); *Mass. Inst. of Tech. v. Abacus Software, Inc.*, No. CIV A 501-CV344, 2004 WL 5268125, at *3 (E.D. Tex. Sept. 29, 2004).

Fractus has no evidence that it provided actual notice of infringement prior to filing suit and has admitted that it did not provide any Defendant with actual notice of infringement of any Asserted Patent prior to filing suit on April 9, 2018.[4]   SUF, ¶¶ 26-27.   Accordingly, actual notice does not save Fractus's pre-suit damages claim.   35 U.S.C. § 287; *Amsted*, 24 F.3d at 187.

## B.   Fractus's Failure To Mark Or To Give Actual Notice Bars All Pre-Suit Damages

Fractus's failures relating to marking and actual notice of infringement bar pre-suit damages as a matter of law.   *American Medical Sys.*, 6 F.3d at 1537; 35 U.S.C. § 287(a).

First, it is undisputed that: ███████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████   and (iv) Fractus did not provide any Defendant any actual notice of

---

[4] Fractus admits that prior to filing of its complaints, Fractus provided no notice of its allegations of infringement to Verizon, CommScope, and CellMax. *See* Exh. 53 at 80:3-82:6; Exh. 56 (Fractus's Objections and Responses to Verizon's First Set of RFAs), Response to RFA No. 5; Exh. 57 (Fractus's Objections and Responses to CommScope's First Set of RFAs), Responses to RFA No. 1–3. ████████████████████████████████████████████████████████████████

███████████████████████████████████ Exh. 58 (Fractus's Objections and Responses to T-Mobile's First Set of RFAs), Responses to RFA No. 1–3. ████████

████████████████████████████████████████████████████████████ *Amsted*, 24 F.3d at 187; *Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.*, 531 F. Supp. 2d 1084, 1115 (N.D. Cal. 2007); *ZitoVault, LLC v. International Business Machines Corp.*, Case No. 16-cv-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018).

infringement of any of the Asserted Patents.  This marking/notice failure precludes recovery of pre-suit damages under the plain language of 35 U.S.C. § 287, which states that under these circumstances, "*no* damages shall be recovered by the patentee in any action for infringement." 35 U.S.C. § 287 (emphasis added); *see also Amsted*, 24 F.3d at 185.  Failure to mark patented articles under § 287 at any point pre-suit results in no damages until after actual notice is provided, according to the plain language of § 287.  35 U.S.C. § 287(a); *Adrea, LLC v. Barnes & Noble, Inc.,* No. 13-CV-4137 JSR, 2015 WL 4610465, at *3 (S.D.N.Y. July 24, 2015) (*disagreed with on other grounds by Arctic Cat*, 876 F.3d at 1368).

Fractus likely will point to cases adopting the opposite view—that a patentee who fails to mark products or require its licensees to mark products in contravention of Section 287(a) may still recover damages for some period prior to when a marking duty began; indeed, there is a district court split on this issue unresolved by the Federal Circuit.  *See, e.g., WiAV Solutions LLC v. Motorola, Inc.*, 732 F. Supp. 2d 634, 639-40 (E.D. Va. 2010).  These cases were wrongly decided, as explained by the district court in *Adrea*.  Citing the Supreme Court, the *Adrea* Court explained that Section 287(a) "is clear that, where plaintiff fails to mark its patented articles, it may not recover damages until after it gives actual notice to the accused infringer."  *Adrea*, 2015 WL 4610465, at *3 (quoting *Robinson v. Shell Oil Co*., 519 U.S. 337, 340 (1997) that "where the statutory language is unambiguous and the statutory scheme is coherent and consistent, the Court's inquiry must cease").  The *WiAV* decision and its progeny do not recognize the plain language of the statute.  Rather, these cases look at the supposed underlying purposes of the marking statute, and interpret them not as they are plainly written, but rather to enact these unwritten purposes. *E.g., WiAV*, 732 F. Supp. 2d at 639.  It is not up to courts to rewrite statutes to serve unstated purposes; the courts must apply the statutes as written.  *Caminetti v. U.S.*, 242 U.S. 470, 485 (1917)

11

("Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise.")  Thus, based on the undisputed facts and the plain language of the statute, Fractus cannot recover damages prior to the date of actual notice—the April 9, 2018 filing of the Complaints.

Second,  Fractus's ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████  *See* Section

III.B, above.  ██████████████, coupled with Fractus's failure to provide Defendants actual notice of infringement of any Asserted Patent, █████████████████████████

█████████████████  *See Arctic Cat*, 334 F. Supp. 3d 1238, 1247-48 (S.D. Fla. 2018) (rejecting patentee's argument that it was entitled to past damages for period where no practicing products were sold); *AMS*, 6 F.3d at 1537-38 (indicating that following an initial failure to mark, no pre-suit damages are available until actual notice is given or the marking requirements are satisfied); *Amsted*, 24 F.3d at 185.  In addition to having no evidence that it later satisfied the marking requirements for any practicing product for any Asserted Patent, █████████████████

█████████████████████████████████—further confirming that Fractus made no effort to ensure proper marking for any of the pre-suit timeframe and that Fractus should not be entitled to pre-suit damages.  SUF, ¶ 3; *see Arctic Cat*, 334 F. Supp. 3d at 1247-48; *AMS*, 6 F.3d at 1537-38; *Amsted*, 24 F.3d at 185.

## VI.    CONCLUSION

For the reasons above, there is no genuine dispute that (1) Fractus did not provide constructive notice by meeting the marking requirements; and (2) Fractus did not provide actual notice to any Defendant or Defendant-Intervenor.  Accordingly, this Court should grant summary judgment of no pre-suit damages.

DATED: June 3, 2019

Respectfully submitted,

/s/ *Douglas M. Kubehl*
Douglas M. Kubehl
Texas State Bar No. 00796909
E-mail: doug.kubehl@bakerbotts.com
Jeffery D. Baxter
Texas State Bar No. 24006816
E-mail: jeff.baxter@bakerbotts.com
David Tobin
Texas State Bar No. 24060735
E-mail: david.tobin@bakerbotts.com
Cason G. Cole
Texas State Bar No. 24109741
E-mail: cason.cole@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500

Sarah J. Guske
California State Bar No. 232467
E-mail: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California St.
San Francisco, CA 94111
Telephone: (415) 291-6200

Syed K. Fareed
Texas State Bar No. 24065216
E-mail: syed.fareed@bakerbotts.com
Valerie Barker
Texas State Bar No. 24087141
E-mail: valerie.barker@bakerbotts.com
Bailey Morgan Watkins
Texas State Bar No. 24102244
E-mail: bailey.watkins@bakerbotts.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd #1500

Austin, TX 78701
Telephone: (512) 322-2500
Facsimile: (214) 953-6503

***Attorneys for T-Mobile USA, Inc., and
T-Mobile US, Inc.***


*/s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
J. Ravindra Fernando (NC Bar No. 49199)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
Email: ross.barton@alston.com
Email: ravi.fernando@alston.com

Michael J. Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email: mike.newton@alston.com
Email: brady.cox@alston.com

Darlena H. Subashi (NC Bar No. 53142)
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27601
Phone: (919) 862-2200
Fax: (919) 862-2260
Email: darlena.subashi@alston.com

Michael E. Jones (TX Bar No. 10929400)
Patrick C. Clutter (TX Bar No. 24036374)
**POTTER MINTON**, a Professional
Corporation
110 North College Avenue, Suite 500
Tyler, TX 75702
Phone: (903) 597-8311

Fax: (903) 593-0846
Email: mikejones@potterminton.com
Email: patrickclutter@potterminton.com

***Attorneys for Defendant Cellco
Partnership d/b/a Verizon Wireless***

/s/*Dennis C. Bremer*

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT, P.C.**
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

OF COUNSEL:
Philip P. Caspers
Timothy A. Lindquist
Dennis C. Bremer
Iain A. McIntyre
Bradley W. Micsky
Caroline L. Marsili
**CARLSON, CASPERS, VANDENBURGH
LINDQUIST & SCHUMAN, P.A.**
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota 55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
pcaspers@carlsoncaspers.com
tlindquist@carlsoncaspers.com
dbremer@carlsoncaspers.com
imcintyre@carlsoncaspers.com
bmicsky@carlsoncaspers.com
cmarsili@carlsoncaspers.com

***Attorneys for Intervenor CommScope
Technologies LLC***

/s/*Peter J. Ayers*
Peter J. Ayers

Texas Bar No. 24009882
**LAW OFFICE OF PETER J. AYERS, PLLC**
2200 Bowman Avenue
Austin, Texas 78703
Telephone: (512) 771-3070
Facsimile: (512) 771-3070
peter@ayersiplaw.com

Of  Counsel:
Ped C. Kay, II
**BROUSSARD & KAY, LLC**
909 Garber Road
Post Office Box 189
Broussard, LA 70518
Telephone: (337) 232-1666
Facsimile: (337) 330-4766
ped@bandkay.com

*Attorneys for Intervenor*
*CellMax Technologies, AB*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic

service are being served this June 3, 2019 with a copy of this document via electronic mail.

Dated: June 3, 2019                              /s/ *Douglas M. Kubehl*
                                                 Douglas M. Kubehl

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the Protective

Order entered in this matter.

Dated: June 3, 2019                              /s/ *Douglas M. Kubehl*

Douglas M. Kubehl