**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FRACTUS, S.A.,<br><br>      Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>      Defendant,<br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br>      Defendant,<br>COMMSCOPE TECHNOLOGIES LLC and CELLMAX TECHNOLOGIES AB,<br>      Intervenor-Defendants. | JURY TRIAL DEMANDED<br><br><br><br><br><br>Case No. 2:18-cv-00138-JRG[1] |

**FRACTUS'S PARTIALLY OPPOSED
RENEWED MOTION TO AMEND DOCKET CONTROL ORDER**

Plaintiff Fractus, S.A. ("Fractus") respectfully renews its motion to the Court for an order allowing a limited extension of the deadline to complete fact discovery, which passed on April 15, 2019. Fractus also requests limited extensions for supplemental expert reports, depositions, and briefing on challenges to the supplemental expert reports. This request is being made pursuant to the recent order by the U.S. District Court for the Southern District of New York compelling non-party Amphenol Corp. ("Amphenol") to produce documents, things, and witnesses for deposition pursuant to Fractus's motion to compel. *See* Dkt No. 432. Fractus submits this motion seeking an order extending the April 15, 2019 fact discovery deadline to July 12, 2019, for the sole purpose of permitting Fractus to take discovery of documents and things and depositions of Amphenol, which Amphenol has agreed to provide by July 12, 2019. The discovery at issue—while

---

[1] The instant motion affects only Case No. 2:18-cv-00138-JRG ("the Verizon case"), because, to the best of Fractus's understanding, Amphenol sells infringing products only to Verizon, not to AT&T or T-Mobile.

important—is narrow, and extending the fact discovery deadline set forth in Fractus's proposal will not delay the overall progress of the related cases. Defendants and Defendant-Intervenors do not oppose this portion of the motion pertaining to fact discovery.

In addition, pursuant to the Court's order denying without prejudice Fractus's earlier motion (Dkt No. 278), Fractus has also proposed a reasonable extension of the deadlines for supplementing expert reports for the sole purpose of addressing the Amphenol discovery, for any follow-up expert depositions relating to the supplemental reports, and for any follow-up *Daubert* motions relating to the supplemental reports. Dkt No. 278 at 2 n.1. Fractus proposes that any supplemental expert report be due July 16, any supplemental rebuttal report be due July 30, any expert depositions be completed by August 9, and any follow-up *Daubert* motions related to the supplemental reports be due August 16, with an expedited briefing schedule and abbreviated page limits, as set forth in the attached proposed order. All other deadlines would remain unchanged.

The parties have met and conferred, and Defendants and Defendant-Intervenors oppose Fractus's proposal with respect to supplementing expert reports. Specifically, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") adopted the following position: "Verizon's position is that, given that Amphenol has been ordered by the U.S. District Court for the Southern District of New York to provide certain discovery to Fractus, Verizon does not oppose Fractus's request to extend the deadline to complete fact discovery solely with respect to Amphenol Corporation, but Verizon does oppose the remainder of the proposed Amended Docket Control Order as premature and unworkable in view of the existing schedule in this case." Ex. 1. Defendant-Intervenor CommScope Technologies LLC ("CommScope") adopted Verizon's position. Ex. 2. Defendant-Intervenor Cellmax Technologies AB ("Cellmax") stated that it "does

not have a dog in this fight because the Amphenol antennas are only accused in the Verizon case in which it is not a party." Ex. 3.

Defendants' concerns are misplaced and their position unreasonable because the information Fractus has diligently sought and is only now finally receiving is important to its infringement case, as the Court previously recognized. Dkt No. 278 at 2 ("While Fractus demonstrates that such discovery is important to its case . . . ."). Fractus will suffer prejudice if it is not permitted to supplement its expert report, and the limited supplementation proposed by Fractus will not affect the case schedule, contrary to Defendants' suggested approach during the meet and confers.[2] Defendants suggested that after Fractus receives the fact discovery, it should serve its proposed supplement, wait for Defendants to state their agreement or opposition, and if Defendants oppose, only then begin briefing on a motion for leave—leaving for a later time potential depositions and *Daubert* challenges. This would be inefficient and significantly more challenging to the schedule, as well as contrary to the Court's request that Fractus propose a schedule for supplemental reports and *Daubert* briefing related to the Amphenol discovery. *See* Dkt No. 278.

Here, Fractus has been unable to obtain leave to amend until now when, after many months of diligent pursuit, it will at long last receive the discovery it has sought from Amphenol, including by engaging in motion practice across three separate courts. Supplementing its expert report is of critical importance to Fractus because the main purpose of the Amphenol discovery is to support

---

[2] In determining whether a party seeking to modify the scheduling order has met its burden under Rule 16(b)(4), the court "considers four factors: (1) the movant's reasons for failing to timely for leave to amend; (2) the importance of the amendment; (3) the prejudice that the respondent would suffer if the extension is allowed; and (4) the availability of a continuance to cure this prejudice." *Zilberman v. Caroffer, LLC*, No. 4:15-CV-589, 2016 WL 3060081, at *2 (E.D. Tex. May 31, 2016).

Fractus's infringement theories. Allowing Fractus to take the necessary discovery, but preventing it from *using* such discovery in its expert reports, as Defendants suggest, would strip the discovery of any purpose, as Fractus's expert could not opine about it at trial, and Fractus would thereby effectively be foreclosed from proving infringement by Amphenol antennas at trial. Defendants' opposition to Fractus's supplementation proposal is especially problematic in light of Verizon's *Daubert* motion seeking to preclude Fractus's expert Dr. Stuart Long from testifying about infringement by Amphenol due to the absence of critical technical documents and his inability to rely upon them. *See* Dkt No. 339. It is precisely the information Verizon claims is missing from Dr. Long's report that Fractus has sought for months and expects to receive in discovery from Amphenol over the next several weeks. Preventing Fractus from supplementing its report to include this information would simply serve to validate Defendants' self-fulfilling prophecy. *See Cywee Group Ltd. v. Samsung Elecs. Co. Ltd.*, Case No. 2:17-CV-140-WCB, 2018 WL 5834148, at *7 (E.D. Tex. Nov. 7, 2018) (granting patentee leave to supplement expert report to include information discovered from third party when it "was reasonably diligent in seeking the pertinent source code throughout the discovery period in light of the difficulties it encountered" and demonstrated "legitimate reasons for the delay in serving its amended infringement contentions").

Conversely, granting Fractus's proposed motion in full will serve the interests of justice and resolution of disputed factual issues on the merits without prejudicing Defendants or disrupting the remainder of the case schedule. Any supplementation of Fractus's expert report will be narrow and prompt, as will any follow-up depositions or rebuttal reports. In particular, Fractus expects Dr. Long to apply to the soon-to-be-produced Amphenol data the same exact methodologies he has already applied to dozens of different antenna models and about which he has already been deposed across multiple days of examination. *See, e.g. Core Wireless Licensing v. LG Elecs., Inc.*,

No. 2:14-cv-911-JRG-RSP, 2016 WL 1090351, at *3 (E.D. Tex., Mar. 19, 2016) (holding that supplemental reports "based on the same methodologies and mathematical formulae disclosed in [the expert's] original report [in which the expert's] opinions have simply been adjusted" did not cause prejudice). Further, while Fractus does not believe its supplementation of Dr. Long's report will necessitate any *Daubert* challenges, as it will simply apply his same methodologies to the Amphenol data, Fractus's proposal includes deadlines for briefing challenges to the supplement, thus preserving Defendants' rights should they believe Fractus's supplement is inappropriate in some way. Finally, no continuance is necessary to cure any prejudice because, as set forth above, the scope of supplementation will be narrow and limited.

Fractus, therefore, respectfully requests that the Court grant limited extensions of the fact and expert discovery deadlines. Fractus further requests that the Court expedite briefing on this issue, given Defendants' opposition and the pressing time concerns. A proposed Third Amended Docket Control Order is attached hereto.

Dated: July 1, 2019

Respectfully submitted,

*/s/ Michael Ng*
Michael Ng
California State Bar No. 237915 (Lead Attorney)
Daniel A. Zaheer
California State Bar No. 237118
Michael M. Rosen
California State Bar No. 230964
michael.ng@kobrekim.com
daniel.zaheer@kobrekim.com
michael.rosen@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: 415-582-4800
Facsimile: 415-582-4811

Hugham Chan
Washington DC Bar No. 1011058
Kimberly Perrotta Cole
Washington DC Bar No. 495574
hugham.chan@kobrekim.com
kimberly.cole@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: 202-664-1956
Facsimile: 202-510-2993

George Stamatopoulos
New York State Bar No. 5163340
Benjamin J.A. Sauter
New York State Bar No. 4691515
Steven W. Perlstein
New York State Bar No. 2982478
george.stamatopoulos@kobrekim.com
benjamin.sauter@kobrekim.com
steven.perlstein@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
Telephone: 646-658-4972
Facsimile: 212-488-1220

Adriana Riviere-Badell
Florida State Bar No. 30572
Gabriela Ruiz
Florida State Bar No. 46844
Joshua Kushner
Florida State Bar No. 93597
adriana.riviere-badell@kobrekim.com
gabriela.ruiz@kobrekim.com
Joshua.kushner@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

*/s/ Elizabeth L. DeRieux*
S. Calvin Capshaw
Texas State Bar No. 03783900

Elizabeth L. DeRieux
Texas State Bar No. 05770585
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

*/s/ Andrea L. Fair*
T. John Ward Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea L. Fair
Texas State Bar No. 24078488
jw@jwfirm.com
claire@wsfirm.com
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, TX 75606
Telephone: 903-757-6400
Facsimile: 903-757-2323

*Attorneys for Plaintiff*
*Fractus, S.A.*

## CERTIFICATE OF CONFERENCE

Counsel for Fractus has complied with the meet and confer requirement in Local Rule CV-7(h). Defendant Verizon and Intervenor-Defendant CommScope partially oppose this Renewed Motion for Leave to Amend the Docket Control Order.

On Wednesday, June 19, 2019, the Southern District of New York ordered Amphenol to produce the requested documents and things within two weeks and to provide witnesses for deposition within three weeks. That day, counsel for Fractus sent an email to counsel for Amphenol, which is also counsel for Verizon, to ascertain when and where exactly it would be making documents and witnesses available. That day, as well, Fractus filed a Notice of Relevant Determination. Dkt No. 432.

On Friday, June 21, 2019 counsel for Amphenol responded with dates certain for its production and for the depositions, including a proposed location for the depositions.

On Tuesday, June 25, 2019, counsel for Fractus sent an email to Amphenol to confirm those dates and locations.

On Wednesday, June 26, 2019, counsel for Fractus sent an email to all Defendants and Defendant-Intervenors formally proposing the extension of fact and expert discovery deadlines discussed herein for the purposes of incorporating the Amphenol information into Dr. Long's expert report. Later that day, counsel for Fractus (Steven Perlstein, Gabriela Ruiz, George Stamatopoulos, Michael Ng, Michael Rosen, Andrea Fair, and Elizabeth DeRieux) conferred by telephone with Brady Cox, Ross Barton, Bradley Hyde, and Rick Frenkel of Verizon; David Tobin of T-Mobile; Dennis Bremer and Brian Craft of CommScope; and Peter Ayers of CellMax in an effort to resolve this motion. During the phone call, Fractus explained that the proposed supplemental expert report would be limited to incorporating the Amphenol discovery and likely

would not necessitate a rebuttal report or any further deposition of Dr. Long. Counsel for Defendants and Defendant-Intervenors responded that they would not oppose Fractus's taking discovery from Amphenol but that they were not inclined to agree to allow Fractus to supplement Dr. Long's report to include that discovery. Instead, Defendants and Defendant-Intervenors suggested that Fractus request the Court's permission to extend the fact discovery deadline to allow it to take discovery from Amphenol, then, if necessary, serve a proposed supplemental report on Defendants and Defendant-Intervenors, at which time Defendants and Defendant-Intervenors would consider not opposing a second motion by Fractus to amend the discovery order again to permit the supplementation of Dr. Long's report. Counsel for Defendants and Defendant-Intervenors then requested that Fractus send them a draft of the motion and proposed order.

On Thursday, June 27, 2019, counsel for Fractus sent an email to counsel for Defendants and Defendant-Intervenors enclosing an earlier version of the instant motion and the proposed Third Amended Docket Control Order that accompanies it.

On Friday, June 28, 2019, counsel for Defendants and Defendant-Intervenors responded by email that they would not oppose the portion of this motion seeking an extension of the fact discovery deadline but that they would oppose the portion of this motion seeking an extension of the expert discovery deadline, as set forth herein.

As a result, the parties, through their counsel, conclusively arrived at an impasse, leaving an open issue for the Court to resolve.

| | |
|---|---|
| */s/ Michael Ng* <br> Michael Ng | */s/ Elizabeth L. DeRieux* <br> Elizabeth L. DeRieux |
| */s/ Michael Rosen* <br> Michael Rosen | */s/ Andrea L. Fair* <br> Andrea L. Fair |

*Counsel for Fractus, S.A.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served by CM/ECF on July 1, 2019, and has been served on all counsel who have consented to electronic service.

*/s/ Michael Ng*
Michael Ng