# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A., <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, <br><br> Defendant, | § § § § § § § § § § | **CIVIL ACTION NO. 2:18-CV-00135-JRG** <br> **LEAD CASE** |
| T-MOBILE US, INC., T-MOBILE USA, INC., <br><br> Defendants, | § § § § § | **CIVIL ACTION NO. 2:18-CV-00137-JRG** <br> **MEMBER CASE** |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants, | § § § § § | **CIVIL ACTION NO. 2:18-CV-00138-JRG** <br> **MEMBER CASE** |
| COMMSCOPE TECHNOLOGIES LLC, <br><br> Intervenor-Defendant, <br><br> T-MOBILE US, INC., T-MOBILE USA, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants, | § § § § § § § § § § § § | **CIVIL ACTION NO. 2:19-CV-00255-JRG** <br> **MEMBER CASE** |

## ORDER ON PRETRIAL MOTIONS

The Court held an Initial Pretrial Conference in the above-captioned consolidated cases on September 3, 2019, during which the Court heard pretrial motions filed by Plaintiff Fractus, S.A. ("Fractus"); Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile"); Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"); and Intervenor-Defendant CommScope Technologies LLC ("CommScope"). This Order summarizes and memorializes the Court's rulings and reasons therefor on the aforementioned motions as announced into the record,

including additional instructions that were given to the Parties. This Order in no way limits or constrains the Court's rulings as announced into the record from the bench.

Also before the Court are two pretrial motions not heard during the Initial Pretrial Conference: (1) T-Mobile, Verizon, and CommScope's Motion for Summary Judgment of Non-Infringement (Dkt. No. 344) and (2) T-Mobile's Motion for Summary Judgment of No Willfulness (Dkt. No. 349). Having considered these motions and the briefing therefor, and for the reasons set forth herein, the Court is of the opinion that both motions should be and hereby are **DENIED**.

The remaining pretrial motions, motions *in limine*, and objections to exhibits are **CARRIED** until the Second Pretrial Conference on **September 19, 2019, at 9:00 a.m. in Marshall, Texas**.

## Initial Pretrial Conference

I. **Fractus's Motion for Leave to File Amended Complaints (Dkt. No. 298)**

This motion is **GRANTED**. (Dkt. No. 647 at 7:21–8:2.) Fractus's claims as to patents no longer asserted are **DISMISSED WITHOUT PREJUDICE**. (*Id.* at 8:3–19.)

II. **Motions pertaining to Intervenor-Defendant CellMax Technologies AB (Dkt. Nos. 336, 346, 355, 568)**

These motions are **DENIED-AS-MOOT** by the agreement of the parties. (Dkt. No. 647 at 24:22–26:11.)

III. **Fractus's Motion for Leave to Modify Protective Order (Dkt. No. 614)**

This motion is **DENIED**. Under the terms of the existing Protective Order, the Court **ORDERED** Fractus to produce the documents produced by AT&T Mobility LLC ("AT&T") that it intends to use at trial (the "AT&T Documents") to T-Mobile and Verizon that day. Exhibit disputes as to the AT&T Documents will be taken up at the pretrial conference in September 19, 2019. Any AT&T Documents that are preadmitted may be used only with the courtroom sealed

and corporate representatives, inhouse counsel, and other employees for all parties excluded. The parties will coordinate with counsel for AT&T to identify the estimated time and day when the AT&T Documents will be used at trial so that AT&T may monitor compliance with this order. (Dkt. No. 647 at 44:20–46:10.)

**IV.   Verizon's *Daubert* Motion to Exclude Dr. Stuart Long from Offering Alleged Expert Testimony Regarding Non-Exemplary Products (Dkt. No. 341)**

This motion is **DENIED**. (Dkt. No. 647 at 66:17–67:7.)

**V.   T-Mobile and Verizon's Motion to Exclude Certain Opinions of Dr. Stuart Long (Dkt. No. 342)**

This motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** as to Dr. Long's opinions that "working frequencies" and "working frequency bands" are limited to (1) licensed cellular frequency bands that are (2) licensed in the United States, and such opinions are **STRICKEN**. (Dkt. No. 647 at 88:17–89:20.) The motion is otherwise **DENIED**. (*Id.* at 91:20–92:5.)

**VI.   CommScope's Motion to Exclude the Opinions of Robert Mills Under Rule 702 (Dkt. No. 345); Verizon's Motion to Exclude the Opinions of Robert Mills (Dkt. No. 340); T-Mobile's Motion to Exclude the Opinions of Robert Mills (Dkt. No. 352); and Fractus's Motion for Leave to Serve Supplemental Expert Report of Robert Mills (Dkt. No. 598)**

CommScope, Verizon, and T-Mobile's motions (Dkt. Nos. 345, 340, 352) are each **DENIED**. (Dkt. No. 647 at 158:6–14.) Fractus's motion (Dkt. No. 598) is **GRANTED**. (*Id.* at 158:14–19.)

**VII.   Fractus's Motion to Strike Declaration of Daniel Van der Weide and Portions of David Pozar's Expert Report (Dkt. No. 348)**

This motion is **DENIED**. (Dkt. No. 647 at 171:5–9.)

**VIII.    Fractus's Motion to Strike the Rule 26(a)(2)(C) Expert Disclosures of Dr. Martin Zimmerman (Dkt. No. 354)**

This motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** as to opinions of non-infringement, invalidity, and the scope and content of the prior art. (Dkt. No. 647 at 190:22–23.) The motion is **DENIED** as to opinions regarding non-infringing alternatives. (*Id.* at 190:23–191:4.) The motion is **DENIED** as to opinions about deployment rates such that antennas were "rarely" or "commonly" deployed in a certain manner. (*Id.* at 191:8–19.) However, the motion is **GRANTED** so as to provide that Dr. Zimmerman may not offer any opinion as to specific percentages of deployment rates, and such opinions are **STRICKEN**. (*Id.*) The motion is **DENIED** as to Dr. Zimmerman's opinions about what customers found valuable. The motion is **GRANTED** as to Dr. Zimmerman's opinions regarding the actual monetary value of any feature, and such opinions are **STRICKEN**. (*Id.* at 191:20–192:8.) Other experts may not rely on Dr. Zimmerman's expert opinions that have been excluded. (*Id.* at 192:25–193:3.) This order does not in any way limit Dr. Zimmerman's ability to testify as a fact witness within his own personal knowledge, including about the structure and attributes of specific CommScope antennas. (*Id.* at 193:24–194:9.)

**IX.    Fractus's Motion for Leave to Serve a Supplemental Infringement Report of Dr. Stuart Long (Dkt. No. 469) and CommScope's Motion for Partial Summary Judgment of Non-Infringement and of No Willful Infringement (Dkt. No. 351)**

CommScope's motion (Dkt. No. 351) is **DENIED**. (Dkt. No. 647 at 234:17–235:2.) Fractus's motion (Dkt. No. 469) is **GRANTED**. (*Id.* at 235:3–6.) The Court **ORDERED** that Defendants shall have leave to take a supplemental deposition of Dr. Long limited to the content of this supplemental report, not to exceed 2.5 hours, and to be conducted on the same day as the supplemental deposition of Dr. Long ordered by the Court in its August 20, 2019 Order. (*Id.* at 235:7–16; *see also* Dkt. No. 611.)

X. **T-Mobile, Verizon, and CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 338)**

This motion is **GRANTED**. (Dkt. No. 647 at 250:7–19.)

**Rulings on the Papers**

I. **T-Mobile and Verizon's Motion for Summary Judgment of Non-Infringement (Dkt. No. 344)**

Before the Court is T-Mobile, Verizon, and CommScope's Motion for Summary Judgment of Non-Infringement. (Dkt. No. 344.) Having considered the briefing, the Court is of the opinion that the motion should be and hereby is **DENIED**.

The motion is directed at two claim limitations implicated by the patents-in-suit: (1) the number of monoband arrays used to identify the position of individual antenna elements must equal the number of working frequency bands in the array and (2) the array must include a particular type of antenna element called a single multiband antenna element. (Dkt. No. 344 at 1.)

As to the first limitation, the Defendants assert there is no genuine issue of material fact because Dr. Long, Fractus's technical expert, allegedly used three monoband arrays—PCS, $AWS_{uplink}$, and $AWS_{downlink}$—to identify two working frequency bands. (Dkt. No. 505-4 at 400:10–23.) However, there is a discrepancy in Long's report as to whether $AWS_{uplink}$ and $AWS_{downlink}$ constitute different monoband arrays. (Dkt. No. 460-2 at 142:6–25.) This discrepancy creates a genuine issue of material fact best left to the jury to resolve.

As to the second limitation, the Defendants assert that there is no genuine issue of material fact because Long cannot identify a specific set of elements which are coupled to each other electromagnetically to form the single multiband antenna. (*See* Dkt. No. 344-6 at 473:6–9.) However, Long identifies the process by which he determined that such a set of elements exists in the accused products and states that the dipoles consist of coupled arms that form a "set of elements." (Dkt. No. 460-5 at 158.) Furthermore, Kr. Kakaes, CommScope's expert, made

5

statements supporting Long's conclusions. (*See* Dkt. No. 460-7 at ¶ 98.) Therefore, Long provides his factual basis and process for reaching his conclusion that the accused products contain a single multiband antenna element. Accordingly, Long's opinion creates a genuine issue of material fact that precludes summary judgment.

## II.   T-Mobile's Motion for Summary Judgment of No Willfulness (Dkt. No. 349)

Before the Court T-Mobile's Motion for Summary Judgment of No Willfulness. (Dkt. No. 349.) Having considered the briefing, the Court is of the opinion that the motion should be and hereby is **DENIED**.

T-Mobile contends that additional conduct beyond using the accused product after notice of infringement is required to raise a genuine issue of material fact as to willfulness. This contention is not supported by the case law. Central to the willfulness inquiry is an accused infringer's subjective beliefs *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 240 F. Supp. 3d 605, 618 (E.D. Tex. 2017). The jury can infer willful intent from circumstantial evidence. *See Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245 (Fed. Cir. 2017). Here, that T-Mobile knew about the lawsuit and continued to use the accused products is at least some circumstantial evidence that the jury could rely on to find willfulness. This circumstantial evidence of willfulness creates a genuine dispute of material fact sufficient to preclude summary judgment. *See Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd*, No. 2:15-CV-00011-RSP, 2018 WL 2149736, at*9 (E.D. Tex. May 10, 2018).

### Second Pretrial Conference

The Court **SETS** a Second Pretrial Conference for **Thursday, September 19, 2019, at 9:00 a.m. in Marshall, Texas**. (Dkt. No. 647 at 17:16–21.) The remaining pretrial motions, motions *in limine*, and objections to exhibits are **CARRIED** until such time. The parties shall jointly submit an updated list of outstanding pretrial motions, motions *in limine*, and categorized

objections to exhibits to be taken up at the Second Pretrial Conference no later than **Wednesday, September 18, 2019, at 1:00 p.m.** (*Id.* at 18:14–18, 251:20–25.)

**So Ordered this**
**Sep 16, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE