**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| FRACTUS, S.A., <br><br>         Plaintiff, <br>   v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC, <br><br>         Defendant, | Case No. 2:18-cv-00135-JRG <br> LEAD CASE |
| T-MOBILE US, INC., ET AL., <br><br>         Defendants, | Case No. 2:18-cv-00137-JRG <br> MEMBER CASE |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br>         Defendant | Case No. 2:18-cv-00138-JRG <br> MEMBER CASE |
| COMMSCOPE TECHNOLOGIES LLC, <br><br>         Intervenor-Defendant, and <br><br> T-MOBILE US, INC., ET AL., <br><br>         Defendants, | Case No. 2:19-cv-255-JRG <br> MEMBER CASE |

**FRACTUS S.A.'S SUPPLEMENTAL BRIEF RESPONDING TO
COMMSCOPE MOTION *IN LIMINE* NO. 10**

Pursuant to the Court's request at the September 19, 2019 pre-trial conference, Plaintiff

Fractus S.A. ("Fractus") respectfully submits this supplemental brief responding to Intervenor-

Defendant CommScope Technologies LLC's Motion *in Limine* No. 10.

## I.   RETAINED EXPERT STATEMENTS ARE ADMISSIBLE AS PARTY ADMISSIONS

Under Federal Rule of Evidence 801(d)(2), hearsay exceptions provide for the admissibility

of a statement offered against an opposing party where the statement:

> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a
> statement on the subject; [or]
> (D) was made by the party's agent or employee on a matter within
> the scope of that relationship and while it existed;

Fed. R. Evid. 801(d)(2)(B)-(D).  The Fifth Circuit addressed the admissibility of expert

statements against the party who retained them in *Collins v. Wayne Corp.*, 621 F.2d 777, 781

(5th Cir. 1980).[1]  There the district court had refused to allow into evidence the defendant's

expert's deposition testimony as a party admission.  The Fifth Circuit held this was in error:

> The district court erred in not allowing the plaintiffs to offer
> [defendant's expert's] deposition into evidence as an admission of
> [defendant]. [Defendant] stated in its response to the plaintiffs'
> interrogatory that it had employed [the expert] as an expert to
> investigate and analyze the bus accident. [Defendant] also furnished
> a copy of [the expert's] accident analysis to the plaintiffs.

*Id.*  The Fifth Circuit explained that, "[i]n giving his deposition [the expert] was performing the

function that [defendant] had employed him to perform," and thus the deposition statements were

party admissions.  *Id.* at 782.  Although the expert there was an investigator developing fact

evidence, the same reasoning applies to any retained expert hired by a party to prepare a report or

---

[1] A 2000 amendment to Federal Rule of Evidence 103(a) changed the prevailing law in the Fifth
Circuit at the time of *Collins* that required an objection at trial to preserve error.  *Mathis v. Exxon
Corp.*, 302 F.3d 448, 459, n.16 (5th Cir. 2002).  Rule 103(a) does not impact the underlying
admissibility question, and *Collins* remains good law.

testify—the expert is hired for the purpose of providing those statements.  By submitting a report and/or offering a deposition of that expert, the party has typically "manifested that it adopted or believed [the expert's statements] to be true" and "authorized [the expert] to make a statement on the subject."  Fed. R. Evid. 801(d)(2)(B)-(C).  The Eastern District of Texas has followed *Collins* and permitted use of expert statements against the retaining party.  *See Abstrax, Inc. v. Dell, Inc*., No. 2:07-cv-221-DF, 2009 WL 10677355, at *1 (E.D. Tex. Oct. 9, 2009) ("[T]he statements made by Dell's expert in the Lucent litigation are not hearsay. They are admissions.  To be sure, they are (1) statements of which Dell has manifested an adoption or belief in their truth; (2) statements by a person authorized by the party to make a statement concerning the subject; or (3) statements by the party's agent concerning a matter within the scope of the agency or employment.").

The Fifth Circuit has noted that this admissibility is not without a qualification.  Under *Collins*, the statements are evidentiary admissions, not binding judicial admissions, and thus the defendant would still "have had an opportunity to explain why some of [the expert's] conclusions were not consistent with [defendant's] position at trial."  621 F.2d at 782.  Similarly, in *Gray v. American Cyanamid Co.*, the Fifth Circuit noted that in light of a party representative's testimony as a whole, it would "not interpret stray statements made during the heat of cross-examination as binding judicial admissions."  No. 92-7118, 1994 WL 242630, at *3, n.8 (5th Cir. May 17, 1994).

Outside of the Fifth Circuit, courts have taken different approaches to the admissibility of expert statements as party admissions.  *Pernix Ireland Pain Dac v. Alvogen Malta Operations Ltd*., 316 F. Supp. 3d 816, 823 (D. Del. 2018) (gathering cases).  The Third Circuit has held that an expert's statements from a previous, unrelated proceeding are *not* admissible under Rule 801(d)(2)(C), under the theory that an expert witness is typically not a party "agent."  *Kirk v. Raymark Indus., Inc*., 61 F.3d 147, 164 (3d Cir. 1995) (concluding that "[s]ince an expert witness

is not subject to the control of the party opponent with respect to consultation and testimony he or she is hired to give, the expert witness cannot be deemed an agent" under Rule 801(d)(2)(C)); *see Pernix*, 316 F. Supp. 3d at 823 (following *Kirk* and recognizing its application to Rule 801(d)(2)(C) or 801(d)(2)(D)). *Pernix* did recognize, however, that expert statements may be regarded as an adoptive admission and not hearsay under Rule 801(d)(2)(B), consistent with *Kirk,* "if the circumstances in which the statement is made, used, or proposed to be used indicate that the party supports the statement as representing its position." *Pernix*, 316 F. Supp. 3d at 824. Thus, "if the party has called the expert as a witness, in the same or another proceeding, to prove a particular act and the witness has so testified, the party will be held to have adopted the expert's testimony on that point as an admission." *Id.* at 824-25.

A number of courts following *Kirk* have qualified that its reasoning applies *absent* a factual showing of agency or authorization by the party, and have not expressly considered Rule 801(d)(2)(B) as basis for finding an hearsay exception. *See, e.g. N5 Techs. LLC v. Capital One N.A.*, 56 F. Supp. 3d 755, 765 (E.D. Va. 2014) (holding defendant's expert report not admissible as party statement because there was no showing that "the expert was acting as the party's agent or employee or was specifically authorized to make a statement on that subject"); *In re Air Crash Near Rio Grande Puerto Rico,* No. 11–md–02246, 2016 WL 6916599, at *2 (S.D. Fla. Jan. 21, 2016) (holding party did not "have the necessary control over the retained experts to establish an agency relationship" for Rule 801(d)(2)).

Other courts have followed the Fifth Circuit's approach in *Collins*. *See, e.g., In re Chicago Flood Litig.,* No. 93 C 1214, 1995 WL 437501, at *11 (N.D. Ill. July 21, 1995) ("A party's pleadings and expert reports often constitute party admissions pursuant to Fed. R. Evid. 801(d)(2)"); *Bianco v. Hultsteg AB,* No. 05 C 0538, 2009 WL 347002, at *12 (N.D. Ill. Feb. 5,

2009) (ruling expert's deposition testimony is admission of party-opponent under Rule 801(d)(2));

*Samaritan Health Ctr. v. Simplicity Health Care Plan*, 459 F.Supp.2d 786, 799 (E.D. Wis. 2006)

("[B]ecause First Health proffers its opponent's expert report against that opponent, the report can

be considered an admission by a party-opponent.").

Irrespective of how other courts have handled the question, however, Fifth Circuit law

governs the inquiry for this Court.  *See SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1082

(Fed. Cir. 2014) (regional circuit law governs evidentiary rulings in patent cases); *see Pernix*, 316

F. Supp. 3d at 822 (recognizing and adopting Third Circuit precedent on admissibility of expert

statements as binding despite divided authority).  In this Court, *Collins* is binding, and absent a

factual showing otherwise, provides that expert statements are non-hearsay admission of the

retaining party.

## II.    USE OF PARTY ADMISSIONS AT TRIAL

As a party admission, expert statements from this case generally can be referenced by either

party at trial to, among other things, cross-examine a corporate representative of the party who

retained that expert.  *See Intellectual Ventures II LLC v. Sprint Spectrum, L.P., et al,* 2:17-CV-

662-JRG-RSP (E.D. Tex. May 3, 2019) (Tr. at 14:20-24) (Ex. 1)[2] (denying defendants' motion *in*

*limine* that sought to preclude reference at trial to experts who submitted reports but would not be

present at trial or relied on by testifying experts).  This Court has at least in one instance declined

under Rule 801(d)(2)(C) to treat statements of a party expert in a prior trial in that case as binding

judicial admissions.  *Ceats, Inc. v. Ticketnetwork, Inc. et al,* 2:15-CV-1470-JRG-RSP (E.D. Tex.

Jan. 18, 2018) (Tr. at 64:8-64:20) (Ex. 2).  The Court did not, however, rule out use of those

statements for impeachment if a party witness testified in a manner inconsistent with the expert's

---

[2] All exhibits are attached to the Declaration of Gabriela M. Ruiz.

prior statements. *See id.* at 67-80.  In the above-captioned cases, the relevant expert statements were made in depositions and reports in this proceeding, and under *Collins* and *Abstrax*, are proper impeachment material.  At the very least, a party should be permitted to introduce the fact that the opposing party has other retained experts in the case whom they have elected not to call at trial.

## III.    CONCLUSION

For the foregoing reasons, Fractus submits that an expert's statements are admissible as non-hearsay admissions of the retaining party.   Because of the difficulty associated with anticipating all the bases that might allow for the use of Defendants' testifying experts' statements contained in their respective expert reports, Fractus agrees to approach before referencing any statement of fact contained in those reports.  However, Fractus should be allowed to reference the fact that Defendants have each retained their own experts and the fact that Defendants did or did not call said retained expert to testify with respect to the topics on which said experts were identified.


Dated: September 22, 2019                    Respectfully submitted,

                                             */s/ Michael Ng*
                                             Michael Ng
                                             California State Bar No. 237915 (Lead Attorney)
                                             Daniel A. Zaheer
                                             California State Bar No. 237118
                                             Michael M. Rosen
                                             California State Bar No. 230964
                                             michael.ng@kobrekim.com
                                             daniel.zaheer@kobrekim.com
                                             michael.rosen@kobrekim.com
                                             **KOBRE & KIM LLP**
                                             150 California Street, 19th Floor
                                             San Francisco, CA 94111
                                             Telephone: 415-582-4800
                                             Facsimile: 415-582-4811

Hugham Chan
Washington DC Bar No. 1011058
Kimberly Perrotta Cole
Washington DC Bar No. 495574
hugham.chan@kobrekim.com
kimberly.cole@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: 202-664-1956
Facsimile: 202-510-2993

George Stamatopoulos
New York State Bar No. 5163340
Benjamin J.A. Sauter
New York State Bar No. 4691515
Steven W. Perlstein
New York State Bar No. 2982478
george.stamatopoulos@kobrekim.com
benjamin.sauter@kobrekim.com
steven.perlstein@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
Telephone: 646-658-4972
Facsimile: 212-488-1220

Adriana Riviere-Badell
Florida State Bar No. 30572
Gabriela Ruiz
Florida State Bar No. 46844
Joshua Kushner
Florida State Bar No. 93597
adriana.riviere-badell@kobrekim.com
gabriela.ruiz@kobrekim.com
Joshua.kushner@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

*/s/ S. Calvin Capshaw*
S. Calvin Capshaw
Texas State Bar No. 03783900

6

Elizabeth L. DeRieux
Texas State Bar No. 05770585
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

*/s/ T. John Ward. Jr.*
T. John Ward Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea L. Fair
Texas State Bar No. 24078488
jw@jwfirm.com
claire@wsfirm.com
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, TX 75606
Telephone: 903-757-6400
Facsimile: 903-757-2323

*Attorneys for Plaintiff*
*Fractus, S.A.*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

delivered to all counsel of record through the Court's CM/ECF system on this 22nd day of

September, 2019.

*/s/ Michael Ng*
Michael Ng
