**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FRACTUS, S.A., <br><br>Plaintiff, <br><br>v. <br><br>AT&T MOBILITY LLC, <br><br>Defendant, | § § § § § § § § § § | **CIVIL ACTION NO.  2:18-CV-00135-JRG** <br> **LEAD CASE** |
| T-MOBILE US, INC., T-MOBILE USA, INC., <br><br>Defendants, | § § § § § | **CIVIL ACTION NO.  2:18-CV-00137-JRG** <br> **MEMBER CASE** |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br>Defendants, | § § § § | **CIVIL ACTION NO.  2:18-CV-00138-JRG** <br> **MEMBER CASE** |
| COMMSCOPE TECHNOLOGIES LLC, <br><br>Intervenor-Defendant, <br><br>T-MOBILE US, INC., T-MOBILE USA, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br>Defendants, | § § § § § § § § § § § § | **CIVIL ACTION NO.  2:19-CV-00255-JRG** <br> **MEMBER CASE** |

**ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*__**

The Court held a Second Pretrial Conference in the above-captioned case on September 19, 2019, regarding pretrial motions and motions *in limine* ("MIL") filed by Plaintiff Fractus, S.A. ("Fractus"); Defendants T-Mobile US, Inc. and T-Mobile USA Inc. (collectively, "T-Mobile"); Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"); and Intervenor-Defendant CommScope Technologies LLC ("CommScope"). This Order summarizes and memorializes the

Court's rulings and reasons therefor on the aforementioned motions as announced into the record, including additional instructions that were given to the Parties. This Order in no way limits or constrains the Court's rulings as announced into the record from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

I. **Fractus's Notice and Unopposed Motion Regarding Use of Interpreter at Trial (Dkt. No. 655)**

This motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** as to Fractus's request to use Gilbert Urbina Jr. as a translator at trial. (Dkt. No. 676 at 7:23.) The motion is **DENIED** as to Fractus's request that time used examining a witness via translation be charged at one-half. (*Id.* at 7:24–8:3.)

II. **Fractus's Motion to Dismiss Unasserted Claims for Lack of Subject Matter Jurisdiction (Dkt. No. 661)**

The Court *sua sponte* expedited briefing on this motion. (Dkt. No. 676 at 100:7–11.) Defendants' response is due by **Tuesday, September 24, 2019**; Fractus's reply is due by **Friday, September 27, 2019**; and Defendants' sur-reply is due by **Monday, September 30, 2019**. (*Id.* at 100:12–15.) The Court **CARRIED** the motion. (*Id.* at 100:16–22.)

III. **Fractus's Motion for Partial Summary Judgment of Validity of Asserted Claims over Kathrein 741 Series Antennas (Dkt. No. 357)**

This motion is **DENIED**. (Dkt. No. 676 at 18:22–19:1.)

IV. **T-Mobile and Verizon's Motion for Summary Judgment of Invalidity of Claim 1 of U.S. Patent No. 6,937,191 (Dkt. No. 350)**

This motion is **DENIED-AS-MOOT** in light of the stipulation agreed between the parties. (Dkt. No. 676 at 99:2–6; Dkt. No. 667 ¶¶ 12–13.)

V. **Parties' Dispute Regarding "Configured To" and Related Terms (Dkt. No. 640)**

In light of the parties' stipulation with respect to the identified terms, the Court determined that there was no dispute requiring resolution under *02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008). (Dkt. No. 676 at 99:2–6; Dkt. No. 667 ¶ 20.)

**VI.   T-Mobile and Verizon's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. No. 347)**

This motion is **DENIED**. (Dkt. No. 676 at 42:4–20.)

**VII.   CommScope's Motion to Serve a Supplemental Report of Dr. Kakaes (Dkt. No. 659)**

This motion is **DENIED**. (Dkt. No. 676 at 51:17–52:19.)

## MOTIONS *IN LIMINE*

**I.   Joint Motions *in Limine* (Dkt. Nos. 560, 613.)**

The following joint motions *in limine* are **GRANTED**. (Dkt. No. 676 at 53:9–65:3.)

Joint MIL No. 1: No evidence or argument regarding pre-suit knowledge of Fractus or Fractus patents.

Joint MIL No. 2: No evidence or argument regarding absence of antenna suppliers.

Joint MIL No. 3: No evidence or argument regarding the costs of defense.

Joint MIL No. 4: No evidence or argument regarding Fractus litigation funding.

Joint MIL No. 5: No evidence or argument that the terms "similar" or "substantially similar" are indefinite.

Joint MIL No. 6: No evidence or argument regarding the fairness of the legal system.

Joint MIL No. 7: No evidence or argument regarding any party's use or potential use of jury studies or consultants.

Joint MIL No. 8: No evidence or argument regarding whether or not any party obtained or could have obtained opinions of counsel.

Joint MIL No. 9: Plaintiff shall not offer evidence, argument, or suggestion that willfulness can be imputed to any Defendant or Defendant-Intervenor based upon the conduct of another party or non-party.

Joint MIL No. 10: The Parties shall not introduce any evidence, argument, or suggestion regarding the amount of judgment in the Samsung litigation. The Parties shall also not introduce any evidence, argument, or suggestion regarding the finding of willfulness in the Samsung litigation, *Fractus, S.A. v. Samsung Electroncs. Co.*, No. 6:09-cv-203 (E.D. Tex.).

Joint MIL No. 11: In the T-Mobile case (No. 2:18-cv-137), Plaintiff shall not introduce any evidence, argument, or suggestion regarding any experts not retained by T-Mobile.

Joint MIL No. 12: In the Verizon case (No. 2:18-cv-138), Plaintiff shall not introduce any evidence, argument, or suggestion regarding any experts not retained by Verizon.

Joint MIL No. 13: The Parties shall not reference the results or proceedings of the CommScope trial (No. 2:19-cv-255) in the subsequent Verizon trial (No. 2:18-cv-138) or in the subsequent T-Mobile trial (No. 2:18-cv-137). The Parties further shall not reference the results or proceedings of the Verizon trial (No. 2:18-cv-138) or the T-Mobile trial (No. 2:18-cv-137) in any subsequent trial, whichever trial may occur first. Nothing from the previous trials shall be useable or admissible in the subsequent trials before the jury by any Party.

Joint MIL No. 14: No Party shall introduce any evidence, argument, or suggestion regarding representation of any client by any attorneys or law firms of record, other than clients that are a party to the -137, -138, or -255 cases.

Joint MIL No. 15: The Parties shall not reference in opening statements any exhibits or deposition testimony that has not been pre-admitted.

## II. Fractus's Disputed Motions *in Limine* (Dkt. Nos. 565, 566, 567)[1]

Fractus's MIL No. 1: Preclude invalidity expert Anthony Acampora and Verizon's invalidity expert James Proctor from offering opinions about the declaration of Claude Royer.

This motion *in limine* is **GRANTED**. (Dkt. No. 676 at 57:21–22.) However, the Court clarified that if Fractus opens the door by using or referencing Mr. Royer's declaration, Defendants may approach and seek leave to respond accordingly. (*Id.* at 57:22–58:2.)

Fractus's MIL No. 2: Preclude all evidence or argument of Sprint's dismissal.

This motion *in limine* is **DENIED**. (*Id.* at 64:18–19.) However, the Court cautioned Defendants that they may not rely upon the Sprint dismissal except to the extent it is laid out in Defendants' expert's report. (*Id.* at 64:20–65:1.)

Fractus's MIL No. 3: Preclude Defendant-Intervenor CommScope from offering testimony and argument that contradicts the testimony of CommScope's 30(b)(6) witness, Martin Zimmerman, regarding spacing of the elements in the CommScope accused products.

This motion *in limine* is **DENIED**. (*Id.* at 148:25–149:4.)

Fractus's MIL No. 4: Preclude evidence, argument and questions suggesting that Fractus's infringement expert, Dr. Stuart Long, changed his infringement analysis in response to the declaration submitted by CommScope's expert witness after the close of fact and expert discovery.

This motion *in limine* is **GRANTED**. (*Id.* at 149:5–21.)

Fractus's MIL No. 5: Preclude evidence, argument and questions suggesting that a "wideband" or "broadband" antenna that covers a range that includes multiple frequency bands is not a "multiband antenna."

---

[1] Unless otherwise indicated, all references are to Fractus's MILs as set forth in Dkt. No. 565. The Court's rulings apply equally to Fractus's MILs (Dkt. Nos. 566, 567) consolidated for argument therewith.

This motion *in limine* is **GRANTED** except to the extent such opinions are set forth in experts' reports. (*Id.* at 95:9–19.) However, the Court reiterated its prior order that no party may attack the analysis, reasoning, or holdings of the Court's Claim Construction Order. (*Id.* at 80:13–24; *see also* Dkt. No. 273 at 67.) The Court will prevent any witness, including an expert, from violating this order. (Dkt. No. 676 at 80:24–81:3.)

Fractus's MIL No. 6: Preclude any use of testimony by Dr. Dwight Jaggard and Dr. Warren Stutzman, Fractus's expert witnesses in the prior Samsung litigation.

This motion *in limine* is **GRANTED** except to the extent such opinions are set forth in experts' reports. (*Id.* at 95:20–96:21.)

Fractus's MIL No. 7: Preclude any evidence, argument or questions suggesting that in order to prove infringement, it must establish that the accused products are actually used to cover more than one frequency band.

This motion *in limine* is **WITHDRAWN**.[2] (*Id.* at 102:16–103:8.)

Fractus's MIL No. 8: Preclude evidence and argument that Defendants use certain accused products to cover only one band.

This motion *in limine* is **WITHDRAWN**.[3] (*Id.* at 98:12–15.)

Fractus's MIL No. 9: Preclude evidence and argument regarding any challenge to the European counterparts to the patents-in-suit and proceedings before the European Patent Office.

This motion *in limine* is **GRANTED**. (*Id.* at 107:10–12.) Defendants may approach and seek leave to impeach a witness with a specific admission against interest. (*Id.* at 107:13–22.)

---

[2] CommScope's MIL No. 11 (Dkt. No. 562) and T-Mobile's MIL No. 11 (Dkt. No. 561) are also **WITHDRAWN**. (Dkt. No. 676 at 103:19–104:6.)

[3] Verizon's related MIL No. 14 (Dkt. No. 559) is also **WITHDRAWN**.

Fractus's MIL No. 10: Preclude Fractus claim charts or claim analyses other than those offered in this litigation, including those from prior cases.

This motion *in limine* is **GRANTED** except to the extent such opinions are set forth in experts' reports. (*Id.* at 96:22–97:4.)

Fractus's MIL No. 11: Preclude introduction of any Fractus document or other evidence suggesting that 1710-2180 MHz cannot include more than one frequency band.

This motion *in limine* is **GRANTED** except to the extent such opinions are set forth in experts' reports. (*Id.* at 97:5–10.)

Fractus's MIL No. 12: Preclude evidence and argument that Fractus delayed in filing the pending lawsuits.

This motion *in limine* is **GRANTED**. (*Id.* at 111:1–12.)

Fractus's MIL No. 13: Preclude evidence and argument suggesting that Fractus's licensee, Siemens, sold or offered for sale unmarked products in the United States.

This motion *in limine* is **WITHDRAWN**. (*Id.* at 116:1–22.)

Fractus's MIL No. 14: Preclude evidence and argument of any alleged failure to mark products that practice the patents in the United States prior to July 2014.

This motion *in limine* is **DENIED**. (*Id.* at 116:23–117:2.)

Fractus's MIL No. 15: Preclude evidence, argument or suggestion that certain configurations of the claimed antenna arrays are not within the scope of the asserted claims because they are not expressly disclosed as embodiments or shown in the drawing of the patents-in-suit.

This motion *in limine* is **GRANTED**. (*Id.* at 122:18–123:11.) This does not prevent Defendants from relying on the specification to present a written description defense. (*Id.* at 124:12–20.)

Fractus's MIL No. 16: Preclude references to the fact that any claim, product, patent, or prior art reference was previously asserted or accused and has been dropped from this or any prior case.

This motion *in limine* is **GRANTED**. (*Id.* at 129:4–9.)

Fractus's MIL No. 17: Preclude Defendants from presenting evidence or argument suggesting that an award of damages may drive up the price of products to end customers, cause people to lose jobs, or have other similar economic consequences.

This motion *in limine* is **GRANTED** except that Defendants may present evidence or argument that the royalties opined upon by Plaintiff's damages expert would meet or exceed the existing profit margins of the accused products. (*Id.* at 132:5–11.)

Fractus's MIL No. 18: Preclude argument and evidence relating to Defendants' patents, particularly those having to do with base station antennas.

This motion *in limine* is **GRANTED**. Defendants may refer to the fact that they are innovative companies that own patents but may not indicate that a Defendant is the owner of an elected prior art reference. (*Id.* at 140:4–14.)

Fractus's MIL No. 19: Preclude argument and evidence regarding ongoing Inter Partes Review ("IPR") proceedings.

This motion *in limine* is **WITHDRAWN**. (*Id.* at 140:18–21.)

### III. Defendants' Disputed Motions *in Limine* (Dkt. Nos. 559, 561, 562.)[4]

CommScope's MIL No. 1: Exclude any discussion of alleged infringement by AT&T.

---

[4] Unless otherwise indicated, all references are to CommScope's MILs (Dkt. No. 562). The Court's rulings apply equally to T-Mobile's MILs (Dkt. No. 561) and Verizon's MILs (Dkt. No. 559) consolidated for argument therewith.

This motion *in limine* is **GRANTED**. (Dkt. No. 676 at 153:1–16.) This does not preclude Fractus from presenting evidence that CommScope is liable for infringement because it sold products to AT&T Mobility LLC ("AT&T"), but Fractus may not focus on AT&T's conduct. (*Id.* at 154:9–155:2.)

CommScope's MIL No. 2: Exclude arguments or expert testimony outside the context of the experts' Rule 26 reports.

This motion *in limine* is **DENIED** as duplicative of the Federal Rules of Civil Procedure. (*Id.* at 155:20–156:10.)

CommScope's MIL No. 3: Exclude evidence, argument, or suggestion of any of AT&T's, T-Mobile's, Verizon's, CommScope's and any antenna vendor's overall revenues, total value, or net worth, or reference to prices end users pay for cell phone service, or the total amount paid to AT&T, T-Mobile and/or Verizon by its wireless subscribers, the carrier defendants' spectrum spend, or the total revenues or profits received by CommScope associated with antennas.

This motion *in limine* is **GRANTED** except to the extent such an opinion is set forth in an expert's report. (*Id.* at 163:7–14.)

CommScope's MIL No. 4: Exclude evidence, argument, or suggestion of copying or theft by Defendants, or any argument or suggestion that willfulness can be imputed by the conduct of a third party.

This motion *in limine* is **GRANTED**. (*Id.* at 168:9–19.) However, Fractus is not precluded from referring to the Defendants as trespassers on Fractus's patents. (*Id.* at 168:13–15.)

CommScope's MIL No. 5: Exclude evidence, argument, or suggestion that Fractus' business failures were caused by AT&T, T-Mobile, Verizon or CommScope.

This motion *in limine* is **DENIED**. (*Id.* at 173:19–22.)

CommScope's MIL No. 6: Exclude any comparison of carrier Defendants' networks for purposes of proving infringement.

This motion *in limine* is **DENIED**. (*Id.* at 186:25.) This denial is without prejudice to its re-urging in Case No. 2:18-cv-137. (*Id.* at 188:9–24.)

CommScope's MIL No. 7: Exclude evidence, argument, or suggestion that any handset manufacturer placed value on a license to the asserted patents, and exclude evidence, argument, or suggestion that any handset manufacturer has taken a license to the patents at issue in this case, as opposed to a license to the entire Fractus patent portfolio.

This motion *in limine* is **DENIED**. (*Id.* at 191:17.)

CommScope's MIL No. 8: Exclude evidence, argument, or suggestion of verdicts in other litigation.

This motion *in limine* is **GRANTED**. (*Id.* at 177:14–15.) Fractus has leave to tell its story regarding its financial condition in the manner represented to the Court but must approach and seek leave before going beyond the same. (*Id.* at 177:2–20.)

CommScope's MIL No. 9: Exclude evidence, argument, or suggestion that Fractus conceived of the claimed invention prior to October 1998 unless Defendants open the door by asserting prior art that Fractus can swear behind.

This motion *in limine* is **WITHDRAWN**. (*Id.* at 191:19–24.)

CommScope's MIL No. 10: Exclude evidence, argument, or suggestion regarding expert witnesses who are not called at trial, or expert analyses conducted by experts for parties not in this case.

This motion *in limine* is **GRANTED**. (*Id.* at 204:8–19.)

CommScope's MIL No. 12: Exclude characterization of the burden of proof for the "clear and convincing" standard.

This motion *in limine* is **DENIED-AS-MOOT**. (*Id.* at 212:9.)

CommScope's MIL No. 13: Exclude evidence, argument, or suggestion that Fractus' awards, commercial success, long-felt need, or other secondary considerations of non-obviousness have a nexus to asserted patents.

This motion *in limine* is **DENIED**. (*Id.* at 215:18–19.)

CommScope's MIL No. 14: No evidence, argument, or suggestion relating to discovery disputes with Defendants.

This motion *in limine* is **GRANTED**. (*Id.* at 219:23–220:2.)

CommScope's MIL No. 15: No mention of any expert witness's "win/loss" record, retention of any expert by a party or its counsel in other matters, how often juries agreed with any expert in other matters, or any expert's work or payment by a party or its counsel in other matters.

This motion *in limine* is **GRANTED-BY-AGREEMENT** of the parties. (*Id.* at 221:13–222:17.) However, the parties have leave to inquire as to how many times an expert may have been retained or worked for a party in this case and the terms of their consideration for testifying as an expert. (*Id.* at 222:5–17.)

CommScope's MIL No. 16: No reference to the presumption of validity at trial.

This motion *in limine* is **DENIED-AS-MOOT** by the agreement of the parties. (*Id.* at 222:18–223:3.)

CommScope's MIL No. 17: Preclude reference to indemnifications of CommScope customers.

This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **DENIED** to the extent indemnification agreements may be referenced as evidence of damages or the bias of a witness. (*Id.* 240:13–21.) The motion is otherwise **GRANTED**. (*Id.* at 240:22–23.)

Verizon's MIL No. 3: Exclude any evidence, argument, or suggestion regarding the Court's claim construction order other than the constructions themselves, including any reference to the parties' positions, the Court's rationale, and arguments inconsistent with the Court's claim construction.

This motion *in limine* is **DENIED** as duplicative of the Court's Claim Construction Order. (*Id.* at 156:14–157:6.)

Verizon's MIL No. 7: Exclude any discussion of the other carriers, other cases, or previous trials or verdicts.

This motion *in limine* is **GRANTED**. (*Id.* at 179:9–16.)

Verizon's MIL No. 12: Exclude evidence, argument, or suggestion concerning the revenues or profits from products that are not accused products in this case.

This motion *in limine* is **GRANTED-AS-MODIFIED** to exclude evidence or argument concerning revenues or profits from products of the Defendants that are not accused products in this case. (*Id.* at 166:19–22.)

Verizon's MIL No. 13: Exclude any testimony by any Fractus expert witness about the interpretation and meaning of information in Verizon's ATOLL database.

This motion *in limine* is **DENIED**. (*Id.* at 209:2–5.)

Verizon's MIL No. 15: Exclude any discussion in opening arguments of evidence that has not been admitted into the case, including the operation of Verizon's antennas.

This motion *in limine* is resolved by Joint MIL No. 15, and therefore **DENIED-AS-MOOT**. (*Id.* at 209:15–22.)

<u>Verizon's MIL No. 16</u>: Exclude discussion or introduction of exhibits not produced during discovery.

This motion *in limine* is **DENIED**. (*Id.* at 211:22.)

**So Ordered this**
Sep 30, 2019

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE