**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FRACTUS, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.  2:18-CV-00135-JRG** |
| | § | **LEAD CASE** |
| AT&T MOBILITY LLC, | § | |
| | § | |
| Defendant, | § | |
| T-MOBILE US, INC., T-MOBILE USA, | § | |
| INC., | § | **CIVIL ACTION NO.  2:18-CV-00137-JRG** |
| | § | **MEMBER CASE** |
| Defendants, | § | |
| CELLCO PARTNERSHIP D/B/A | § | |
| VERIZON WIRELESS, | § | **CIVIL ACTION NO.  2:18-CV-00138-JRG** |
| | § | **MEMBER CASE** |
| Defendants, | § | |
| COMMSCOPE TECHNOLOGIES LLC, | § | |
| | § | |
| Intervenor-Defendant, | § | |
| | § | |
| T-MOBILE US, INC., T-MOBILE USA, | § | **CIVIL ACTION NO.  2:19-CV-00255-JRG** |
| INC., CELLCO PARTNERSHIP D/B/A | § | **MEMBER CASE** |
| VERIZON WIRELESS, | § | |
| | § | |
| Defendants, | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Intervenor-Defendant CommScope Technologies LLC's
("CommScope") Motion *in Limine* No. 10. (Dkt. No. 562.) By its motion *in limine*, CommScope
seeks to preclude Fractus "from referencing Defendants' experts not called at trial." (*Id.* at 8.) At
a pre-trial conference held in this above-captioned group of consolidated cases, the Court granted
the motion *in limine* to maintain its role as a gate-keeper and ordered supplemental briefing
regarding whether expert reports and expert testimony were admissible as admissions against

interest. (Dkt. No. 676 at 201:6–16, 204:8–205:3.) Having considered the parties' briefing (Dkt.

Nos. 669, 670) and for the reasons set forth herein, the Court is of the opinion that the expert

reports and deposition testimony of experts who are not called at trial in this case should be and

hereby are **EXCLUDED**.

## I.    Background

Fractus, S.A. ("Fractus") brought four separate lawsuits for patent infringement, one each

against the four largest United States cellphone carriers: AT&T, Verizon, T-Mobile, and Sprint

(collectively, the "Carrier Defendants").[1] Fractus accused the Carrier Defendants of infringing

several of its patents through the use of multiband base station antennas that were sold to the

Carrier Defendants by several different manufacturers, including CommScope. (*See, e.g.*, Dkt. No.

1 ¶ 26.) CommScope intervened as a defendant in each of these four cases. (Dkt. No. 87.) After a

series of settlements, three lawsuits remained—the AT&T Case, the Verizon Case, and the T-

Mobile Case—each of which included CommScope antennas as accused products.[2] However, two

of the cases—the Verizon Case and the T-Mobile Case—included accused products manufactured

by other non-party manufacturers. Therefore, at the remaining parties' agreement, the Court

ordered the remaining claims asserted against CommScope antennas to be severed from each of

the cases and consolidated into a single case for trial. (Dkt. No. 549.) This consolidated trial

---

[1] AT&T Mobility LLC ("AT&T") (2:18-cv-135, Dkt No. 1 (the "AT&T Case")); T-Mobile US, Inc. and T-Mobile USA, Inc.  (collectively, "T-Mobile") (2:18-cv-137, Dkt. No. 1 (the "T-Mobile Case")); Cellco Partnership d/b/a Verizon Wireless ("Verizon") (2:18-cv-138, Dkt. No. 1 (the "Verizon Case")); and Sprint Communications Co., L.P., Sprint Spectrum, L.P., Sprint Solutions, Inc., and Nextel Operations, Inc. (collectively, "Sprint") (2:18-cv-136, Dkt. No. 1). Unless otherwise indicated, all docket references are to the AT&T Case, the lead case.

[2] Fractus settled all claims against all defendants in the Sprint Case (Dkt. No. 287) and all claims in the AT&T Case except those asserted against CommScope as to the accused products manufactured by CommScope (Dkt. No. 534). Fractus also settled all claims across all cases as to the accused products manufactured by a second intervenor-defendant, CellMax Technologies AB, who was dismissed from all cases. (Dkt. No. 652.)

includes as defendants CommScope as well as the two remaining Carrier Defendants, Verizon and

T-Mobile. (*Id.*)

The Court did not order consolidation until after the close of expert discovery in each of

the respective cases. As a result, approximately fifteen experts were retained by defendants across

these cases, including more than ten retained by CommScope, Verizon, and T-Mobile

(collectively, the "Defendants"). (Dkt. No. 561 at 9.) Though each of these experts was originally

retained to testify in the Defendants' individual trials, Defendants will not call each of these experts

in the newly consolidated trial. Defendants seek to preclude Fractus from introducing evidence of

expert analyses and testimony provided by the experts that are not called at trial, arguing that such

statements would be hearsay. (*Id.*) Fractus responds that such statements are relevant if they

contradict positions taken by the Defendants at trial and are admissible because the defendants

have adopted the opinions of their experts as their own. (Dkt. No. 602 at 6.)

## II.      Discussion

The Court finds that the analyses and testimony of experts not called at trial should be

excluded. These statements are hearsay under Federal Rule of Evidence ("FRE") 801. Moreover,

even if these statements were not hearsay, the Court finds that they should nonetheless be excluded

under FRE 403.

### A.      The statements of non-testifying experts are hearsay under FRE 801.

"There are circumstances where the testimony of an expert witness can serve as an adverse

admission against the presenting party." *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1355

(5th Cir. 1983). However, "[s]uch circumstances must be narrowly construed." *Id.* Reviewing the

instances in which the Fifth Circuit has found that an expert's testimony constituted an admission

against interest, the Court finds that this case does not fall within these narrow circumstances. *See*

2 Kenneth S. Broun, *McCormick on Evidence* § 261, at 303 n.12 (7th ed. 2013) ("[I]n general, the

opinion of an expert who was not called as a witness should not constitute an admission of the party that sought the opinion.").

> **1.    Defendants' expert witnesses are not agents or employees under FRE 801(d)(2)(D).**

In *Collins v. Wayne Corp.*, the Fifth Circuit found that a district court erred by not allowing an expert's deposition into evidence because the expert was employed by the defendant to investigate the accident made the basis of the suit. 621 F.2d 777, 781 (5th Cir. 1980). Under FRE 802(d)(2)(D) a statement is not hearsay when offered against an opposing party if the statement "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." However, the facts of *Collins* and the cases upon which it relies indicate that this rule as applied to experts should be limited to circumstances in which the expert was retained or employed for some purpose other than solely offering an expert opinion in the context of litigation.

In *Collins*, the defendant's expert was hired "two days after the accident" "to investigate the bus accident and to report his conclusions" to the defendant. 621 F.2d at 780–82. Similarly, in *Brown & Root, Inc. v. American Home Assurance Co.*, 353 F.2d 113 (5th Cir. 1965), a case involving a shipping accident upon which *Collins* relied, the Fifth Circuit allowed "a report prepared by a marine surveyor who the cargo underwriter had retained to investigate the casualty and to report his conclusions." 621 F.2d at 782. In these cases, the expert's report was provided not simply so that the expert could serve as a testifying expert, but to provide factual information to the expert-agent's principal regarding the accident. These experts conducted, in essence, internal investigations.

The Court, following *Fox*'s command to "narrowly construe[]" circumstances in which the "testimony of an expert witness can serve as an adverse admission," finds that such circumstances are properly limited to circumstances such as *Collins* and *Brown & Root* where an expert was

retained for purposes other than providing expert opinion testimony. There is good reason for this distinction. An expert hired for the purpose of providing a report outside litigation may well be acting as an agent, whereas a testifying expert typically is not.

For an agency relationship to exist, an "agent shall act on the principal's behalf and *subject to the principal's control*." Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006) (emphasis added). "In theory, despite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise." *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d. Cir. 1995). "Since an expert witness is not subject to the control of the party opponent with respect to consultation and testimony he or she is hired to give, the expert witness cannot be deemed an agent." *Id.*

There may well be circumstances in which the *Collins* exception might apply in a patent infringement action. For example, if an expert were employed or retained to analyze pre-suit claims of infringement and prepared a report opining on whether or not the company that hired the expert should take a license, such a pre-suit investigation report may well be deemed the statement of a "party's agent or employee" for purposes of FRE 801(d)(2)(D). However, an expert retained solely to be an independent expert witness at trial does not fall within this exclusion to the hearsay definition.

Defendants' retained experts were retained solely as expert witnesses and therefore do not qualify as Defendants' "agents or employees."

> **2.      Fractus has not shown that Defendants adopted the statements of any expert witness as their own under FRE 801(d)(2)(B).**

Circumstances in which an expert's testimony can be deemed an adopted admission under FRE 801(d)(2)(B) must also be "narrowly construed, since a party cannot be expected to know every detail of a witness' testimony." *Fox*, 694 F.2d at 1355. In *Fox*, the plaintiff's attorneys

elicited testimony from the plaintiff's expert that the plaintiff was an "onshore management worker" rather than a Jones Act employee. *Id.* The expert made such statements "several times," and the plaintiff's attorneys made "no attempt" to question or correct these statements. *Id.* The Fifth Circuit deemed this a "silent adoption" of the expert's statements. *Id.*

Consistent with *Fox*, the Court finds that an expert witness's report or deposition testimony is not automatically adopted as a statement of the party who retained the expert but is only adopted by the party's affirmative action or silence when the party should otherwise act. The adoption of an expert's pre-trial statements cannot be automatic because the party does not control the content of the expert's report, nor can the party "be expected to now every detail" to which the expert will testify at deposition. *Fox*, 694 F.2d at 1355. Fractus has not attempted to make any showing that the Defendants adopted any expert witness' statements, for example, by eliciting the testimony themselves at deposition or relying upon the statements in pre-trial motion practice. Absent such a showing, the Court cannot conclude that Defendants' expert witnesses' statements have been adopted by Defendants under FRE 801(d)(2)(B).

**B.      Statements of non-testifying experts should be excluded under FRE 403.**

Even if Fractus could demonstrate that the statements of a non-testifying expert are not hearsay, the Court nonetheless finds that such statements should be excluded under FRE 403. Such statements are likely to confuse the issues before the jury by introducing the opinions of numerous absent experts who will not testify at trial. Moreover, the risk of unfair prejudice to individual defendants is high because any such statements would likely be admissible against only some defendants. For example, even if Fractus could demonstrate that the statements of an expert retained by CommScope are not hearsay when offered against CommScope, those same statements may nonetheless not be admissible against Verizon or T-Mobile, who did not retain that expert or rely on that expert's statements. A curative instruction is not likely to adequately address such a

risk of unfair prejudice to Defendants against whom such statements may not be admitted. The Court finds that these risks of confusions and prejudice substantially outweigh any relevance the statements of non-testifying experts may have.

### III.     Conclusion

For the reasons set forth herein, the Court finds that the out of court statements of expert witnesses not called at trial should be **EXCLUDED**. This ruling is **WITHOUT PREJUDICE** to a party approaching and seeking leave at trial to introduce such statements if the party can demonstrate that such statements should be admitted consistent with the guidance set forth in this Memorandum Opinion and Order.

**So Ordered this**

**Sep 30, 2019**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE